## 10476

### PRUITT *ET AL.* v. KING *ET AL.*

#### (104 S. E. 191.)

1. HIGHWAYS—ACT PROVIDING FOR IMPROVEMENT OF HIGHWAY CONSTRUED NOT TO APPLY TO CERTAIN ROUTE.—Acts 1919, p. 474, sec. 11, providing for improvement of "a road from Anderson to Pelzer via Williamston," *held* not to fix which of two roads from Anderson to Williamston was to be improved, but to leave the matter open, and it was immaterial that one of the roads was known generally as the Williamston Road, and that the belief that such road was contemplated by the act was a determining force in carrying the election that authorized a bond issue for the purpose.

2. HIGHWAYS—DISCRETIONARY WITH HIGHWAY COMMISSION AS TO ROUTE TO BE IMPROVED.—Acts 1919, p. 474, providing for the permanent improvement of a road from Anderson to Pelzer via Williamston, being silent as to which of two routes should be improved, it was discretionary with the highway commission as to which road should be improved, and the Court cannot interfere with the exercise of such discretion, in the absence of abuse.

3. HIGHWAYS—COMMISSION DID NOT ABUSE DISCRETION IN SELECTING ROAD TO BE IMPROVED.—Where a statute providing for the permanent improvement of a road between two cities left open the question as to which of two roads should be improved, highway commission did not abuse its discretion in deciding to improve the road which was cheaper of construction, cheaper to maintain, and would serve more people.

4. HIGHWAYS—PUBLIC HIGHWAY TO BE IMPROVED MAY USE PART OF ROAD JOINTLY WITH ANOTHER ROAD.—Under an act requiring the improvement of a road terminating in a certain city, the road in entering such city may use a roadbed jointly with another road, and it cannot be said that the road terminates where it meets such other road, and it is immaterial that minutes of the highway commission show that the road terminates at the intersection with such other road, being a mere matter of bookkeeping and subcontracts.

5. HIGHWAYS—PUBLIC HIGHWAY MUST EXTEND FROM ONE PUBLIC PLACE TO ANOTHER.—In order for a road to be considered a public highway, it must extend from one public place to another public place and permit public use all the way, and as soon as there is an obstruction, then the communication is cut off and the public character of its use is destroyed, but the mere fact that a road uses a roadbed jointly with another road a short piece does not constitute such an obstruction.

Before MEMMINGER, J., Anderson, March, 1920.   Reversed.

Action by John C. Pruitt, J. E. Dobbins, Arthur Rhody, W. C. Bailey and John H. Fox against J. Mack King, as Supervisor of Anderson County; W. P. Snelgrove *et al.*, as Anderson Highway Commission, and R. H. Wright, to enjoin the use of funds on a certain highway. From an order enjoining defendants, the defendants appeal.

The following is the opinion of the Circuit Judge:

This case came up before this Court when it was in session in February; and the question was whether the Court would refer issues to a jury, or refer the whole case to a referee, or hear the whole case in open Court, and make its decision upon the oral testimony heard by the Court itself.

The Court decided for the last named course, as it believes itself capable of deciding questions of fact in equity cases of

this kind, and does not care to dodge that obligation, nor
to impose upon the controversy the delay of a reference.
Consequently the matter has been heard fully for the past
two days, as appears from the stenographic report which
has been taken. The controversy is one of great impor-
tance, and the Court is glad that it is able to render an imme-
diate decision with confidence.

This Court thinks that the highway commission has fallen
into an error as to its powers under the act in question, and
we catch the secret of the error from the resolutions passed
by the commission in reference to the road in question.
There it appears that the commission thought that it was
their duty to select the most "practicable" route to Wil-
liamston, and their subsequent action is based on that idea;
whereas, a study of the act shows that the first question for
them to determine was what was the "existing route" from
Anderson to Williamston. The overwhelmiing weight of
evidence shows that that which is referred to as the "upper
road," leading past the Hammond place, was at the time of
the passage of the act the "existing route."

This Court accepts the definition of the word "route," as
used in this act, in the light of the facts and circumstances
proved in this case, as meaning the customary and predeter-
mined way of travel from the one point to the others. There
may be many roads by which a given point may be reached,
but that does not necessarily mean that every such road is
the "route." The "route" means more than a road which
may be used to get from one place to another. It means,
as used here, the road which is ordinarily referred to and
most generally used by the public. And the act distinctly
shows in section 11: "The improved roads shall follow as
nearly as may be practicable the existing routes of the said
roads."

The view taken by this Court, therefore, is that the duty
of the commission was to ascertain and determine the exist-
ing route between Anderson and Pelzer via Williamston.

Had they done this, there is no doubt but that they must have decided that the upper road was the "existing route" at the time of the passage of the act, as this Court has found from overwhelming and practically undisputed evidence. This fact being settled, it then became their duty not to decide whether or not there was a more practicable route, as they did, but to follow the existing route "as nearly as may be practicable," which means no substantial departure therefrom. The departure which they made is entire and complete. The Court cannot find from the act that any discretion is left to the commission in respect to this road No. 4.

As to some of the other roads, among the 21 named in the act, a discretion is distinctly given; and the well known rule must be applied that the legislature having expressed discretionary powers as to some of the numbers excludes the idea of discretionary powers where not expressed.

The selection of the road that was decided upon by the the commission, furthermore, involves the clear departure from a terminus. The act requires a road from Anderson to Pelzer via Williamston as a distinct improvement; also, in No. 5, a road from Anderson to Cooley's Bridge via Neal's Creek Church (which is the Belton Road) as a distinct and separate improvement. The commission has changed the terminus on the Anderson side of the Williamston-Pelzer Road from Anderson to a point on the Belton Road at McCown's place, two miles from Anderson, thereby bringing together on one stem of two miles all the traffic, both local and through, from Belton and from Pelzer, and making only one terminus in Anderson. This terminus gets into Anderson at a point about a mile distant from the terminus of the upper or ascertained road from Anderson to Pelzer via Williamston. Before entering the city on the Belton Road, it is brought together as a stem also for the Williamston Road and necessitates passage in Anderson over an unpaved street at a different and distant point from

where the Williamston Road enters, which latter road enters upon a well paved street.

It is well argued by counsel for plaintiff, who brought cases from other States (there being no case from South Carolina upon the point), that if a commission may change a terminus to any extent they may practically eliminate the proposed improvement. There is no charge made nor any evidence but that the commission acted in good faith, and perhaps wisely, from the standpoint from which they viewed the situation, to wit, that they were to select the most practicable road, and this fundamental error has already been pointed out. That was not their responsibility.

The purpose of this act was to spend money, economically, of course, but to carry out each of the separate and distinct improvements provided for, and did not leave to the commission a general discretion as to economical roads except where that discretion is specially specified in the act. This commission has no general jurisdiction over roads of Anderson county as a county commissioner has. It is limited to the terms of the act. The scope of the act is wide and separate, and distinct improvements must be made. It is not for the commission to combine them.

The decision of the Court, therefore, is that the plaintiffs have prevailed; and the relief prayed for will be granted, and a formal decree may be taken upon the footing of his opinion.

*Messrs. Watkins & Prince, Greene & Earle* and *Breazeale & Pearman,* for appellants, cite: *Where statute describes two termini of road, but does not name route, board could choose either one of available routes:* 78 S. C. 351; 90 S. E. 167; 2 Jud. 464; 33 Cyc. 114; *and need not establish its terminus in any particular part of the city:* 13 R. C. L. 52; 37 Cyc. 117, 123; 2 L. R. A. (N. S.) 144; 98 N. W. 393 (Mich.); 10 Johns (N. Y.) 389; 91 U. S. 343, 348; 23 L. Ed. 428; 86 S. E. 776. *Act for public improvements given liberal construction:* 2 Lewis Suth. Stat. Const., sec. 682.

*Work should be enjoined with great caution:* 1 High Inj.
(4th Ed.) 590; 2 *Id.*, pp. 1324-5. *Discretion of local
officers:* Elliott Roads and Streets, vol. I, pp. 603-4 (3d
Ed.) ; *Id.*, vol. II, pp. 719-20.

*Messrs. Bonham & Allen, Quattlebaum & Cothran* and
*A. H. Dagnall,* for respondents, cite : *Act in question:* 31
Stat. 474. *Where termini are named, they are fundamental
and not subject to change:* 92 S. E. 781 (W. Va.) ; 58 Ill.
422; 109 Ill. 379; 172 Ill. 415; 50 N. E. 118; 51
N. H. 300; 56 N. H. 332; 29 N. H. 88; 57 Atl.
402; 70 N. J. L. 322; 70 N. J. L. 611; 57 Atl. 130;
14 N. J. L. 385; 125 Minn. 359; 147 N. W. 240;
38 Or. 315; 58 Pac. 36; 25 Wash. 648; 66 Pac. 59;
37 Pa. St. 257; 29 Pa. Sup. Ct. Rep. 179. *Right to change
route does not include right to change terminus:* 36 Wis.
493; 7 W. & P. 6269; 83 Ga. 61; 9 S. E. 1106; 23 A. & E.
Enc. Law (2d Ed.) 692. *Must follow substantially the
route named:* 47 Pac. 919; 66 Pac. 59; 39 N. W. 324; 50
N. E. 118; 13 R. C. L. 52; 15 A. & E. Enc. Law (2d Ed.)
363, 390; 37 Cyc. 116, 117, 118. *Relocate means to pre-
serve identity without material change:* 37 Cyc. 175, note
77; 189 Mass. 308; 75 N. E. 717.

July 26, 1920.

The opinion of the Court was delivered by MR. JUSTICE
FRASER.

Under the authority of an act of the legislature passed in
the year 1919, at page 474, the county of Anderson issued
bonds for $1,450,000, the proceeds of which are to be used
in constructing permanent good roads throughout the
county. The act provided for 21 roads and created a high-
way commission under whose direction the roads were to be
constructed. The act, in describing the roads, states : "4.
A road from Anderson to Pelzer via Williamston." Sec-
tion 11.

Between Anderson and Williamston there are two roads, one known as "the upper Williamston road," and the other known as "the lower Williamston Road." Both of these roads are public roads. The lower road was formerly considered the principal road between Williamston and Anderson, but some 15 or 20 years ago the "upper road" was improved, and the main through travel shifted from the lower to the upper road. In time of high water, when the upper road was unfit for use, the travel shifted again to the lower road, until the upper road could be repaired. Much testimony was introduced to show that the upper road was known generally as the Williamston Road. This is immaterial here, as the act nowhere calls for the Williamston Road.

The plaintiffs alleged in their complaint that the belief that the upper road was contemplated by the act was a determining force in carrying the election that authorized the bond issue. By the order of Judge Prince this was stricken out of the complaint. It was proper to strike it out inasmuch as the question here is one of statutory construction, and statutes are not construed by a vote of the people under our form of government.

The highway commission decided in favor of the lower road, and this action was brought for injunction.

In their answer the highway commission said that they had had both ways surveyed and an estimate of the cost of construction made; that the lower road gave a better location of the roads for the convenience of the people of the county; that more byroads lead into it; that it was cheaper to construct and cheaper to maintain; that it ran along a ridge and crossed fewer streams and would serve more people than the upper road.

The trial Judge held that the highway commission had no discretion and that the upper road was the road called for

by the act. That the road referred to in the act was fixed by the use of the word "route" in the act. His Honor confused the "route of travel" with the route of the road. The statute expressly uses the term "route of the road." The route of travel was shifted from the lower road to the upper road, according to the record, simply because the upper road had been improved. Just as soon as the lower road is improved, this advantage will be gone and the travel will shift back again. It cannot be successfully maintained that the highway commission had no discretion. It is not denied that there were two public roads between Williamston and Anderson. Some one must decide which road should be improved. The act was absolutely silent on the subject. The decision must be made either by the highway commission or by the Court, and, unless there was an abuse of discretion by the highway commission, the Court cannot interfere. The record clearly shows that the lower road is cheaper of construction, cheaper to maintain, and will serve more people in Anderson county, and will make a better distribution of these improved highways. There is no abuse of discretion, and the Court cannot interfere.

2. It is said, however, that the lower road does not comply with the act, in that the act requires Road No. 4 to terminate in the city of Anderson, and that the lower road terminates at the house of S. A. McCown on Road No. 5, about a mile from Anderson. There is no more reason to say that Road No. 4 terminates at Road No. 5 than to say that Road No. 5 terminates at Road No 4. The minutes of the highway commission were introduced to show that Road No. 4 terminated at Road No. 5. This was a mere matter of bookkeeping and subcontracts. This short piece was to be used jointly by both roads and was as much a part of one road as the other. The Columbia & Greenville and the Columbia & Spartanburg Railroads do not terminate at Alston, although they use the same roadbed

between Alston and Columbia. The highway cases from this State referred to by the respondent are not authority here, for the reason that, in order for a road to be considered a public highway, it must extend from one public place to another public place, and permit public use all the way. As soon as there is an obstruction, then communication is cut .off, and the public character of its use is destroyed. There is nothing to even delay a traveler in going from Williamston to Anderson when he reaches the .junction of these two roads.

The order of injunction is reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and GAGE concur.

MR. JUSTICE HYDRICK. I concur in the opinion of the Circuit Court for the reasons therein stated.   .