## 11768

### CHARLESTON OIL CO. v. CARTER, STATE TREASURER *ET AL.*

#### (128 S. E., 8)

1. COMMERCE—INTERSTATE COMMERCE LAW HELD INAPPLICABLE TO STATE'S RIGHT TO TAX ON GASOLINE SOLD WITHIN STATE.—Where gasoline has been delivered to consignee within State, placed in its tank, and is being sold therefrom, Interstate Commerce Law (U. S. Comp. St., § 8563 *et seq.*), has no application to State's right to taxes on gasoline so sold.

2. TAXATION—REASONABLE RULINGS, DECISIONS, AND ACTS OF BODIES, TO WHICH POWERS AND DUTIES HAVE BEEN LEGALLY DELEGATED, WILL NOT BE DISTURBED.—When duties and powers are legally delegated to a board or commission or other body, such as State Tax Commission, rulings, decisions, and acts of such body, if reasonable and within its jurisdiction, will not be disturbed.

3. LICENSES—STATE TAX COMMISSION'S METHOD OF COMPUTING GASOLINE TAX ON SALES OF MIXED TAXABLE AND NONTAXABLE GASOLINE APPROVED.—Where gasoline subject to a tax of three cents per gallon, under Act February 23, 1922 (32 St. at Large, p. 835), as amended by Act March 23, 1923 (33 St. at Large, p. 204), was commingled in reservoir with nontaxable gasoline in ratio of 30 per cent taxable gasoline to 70 per cent nontaxable gasoline, *held* that State Tax Commission was within its jurisdiction, under Const. Art. 10, § 1, in assessing tax on 30 per cent of all sales of gasoline, and seller was not authorized in treating sales up to 70 per cent of contents of reservoir as nontaxable.

Before MAULDIN, J., Charleston, October, 1924. Reversed.

Action by the Charleston Oil Company against S. T. Carter, State Treasurer, and others. Decree for plaintiff, and defendants appeal.

*Messrs. S. M. Wolfe, Atty. Gen,* and *J. Fraser Lyon,* for appellants, cite: *Effect of method of calculation on interstate commerce:* 262 U. S., 506; 43 Sup. Ct. Rept., 643.

*Mr. James Allan,* for respondent, cites: *Gasoline tax; original sales:* S. C. Acts of 1923, No. 146, Sec. 1; S. C. Acts of 1922, No. 494, Sections 2 and 4. *Construction of Statutes:* 36 Cyc., 1102. *Intention of Legislature:* 36 Cyc.,

1106; 124 S. E., 761. *Meaning of statute aided by title:*
36 Cyc., 1133. *No presumption where language clear:* 25
R. C. L., Sec. 261. *Strict construction in favor of citizen:*
25 R. C. L., Sec. 261; 25 R. C. L., Sec. 307; 36 Cyc., 1179;
36 Cyc., 1180; 36 Cyc., 1189; 90 S. E., 796 (S. Va.); 97
S. E., 778 (Va.); 106 S. C., 384 (Va.)'; 2 Story 369; 44
Cebt. Dig., 326, (e) Penn.; 40 S. E., 11 (N. C.); 36 S. E.,
485 (Va.)

May 15, 1925.

The opinion of the Court was delivered by MR. ACTING
ASSOCIATE JUSTICE THURMOND.

The question causing the controversy in this case is:

"Did Charleston Oil Company pay all the tax due by it to
the State of South Carolina for gasoline sold, or consigned,
used, shipped, or distributed for purpose of sale within this
State for the month of May, 1924?"

The facts are admitted, to wit: During said month the
said company had on hand in its tank at Charleston, 136,-
391 gallons of gasoline; 94,876 gallons was not liable to a
tax payable by said company, as the same had been purchased
within the State from the Standard Oil Company, which was
liable for the tax to the State, leaving 41,515 gallons of
gasoline for which said Charleston Oil Company was liable
for the tax to the State, the same having been purchased out
of the State, and the State tax not having been paid thereon.

In the hearing of the case on circuit, counsel on both
sides treated the quantity of gasoline as nontaxable and tax-
able in the ratio of 70 per cent nontaxable and 30 per cent
taxable, and this ratio will be adopted in this opinion as ap-
proximately correct, in the consideration of the questions
involved.

During the said month of May the said Charleston Oil
Company sold 114,065 gallons of gasoline from a tank used
as a reservoir for both nontaxable and taxable gasoline,
commingled, and forwarded a check to the State treasurer

for $575.67, the tax of three cents per gallon on 19,189 gallons, the difference in the gallonage sold and the non-taxable gallonage; hence it will be observed that the Charleston Oil Company exempted from the first sales made all the nontaxable gasoline in the tank.

When the report of said Charleston Oil Company was filed, as provided by law, with the State tax commission, that tribunal took issue with the Charleston Oil Company and contended that 30 per cent of all the gasoline sold from said reservoir the month of May was taxable, and issued its certificate to the State treasury, as provided for in section 10 of Act No. 731 of 1924, which certificate showed that said Charleston Oil Company was still indebted to the State in the sum of $450.93 as a license tax on the gasoline sold during the month of May, 1924, to wit, three cents per gallon on 30 per cent of 114,065 gallons, and $45.09 as a penalty, all of said items aggregating $1,071.69.

If the method adopted by Charleston Oil Company for the payment of the taxable gasoline in said reservoir was valid, then the contention of the State treasurer must fail; but, if the method adopted by the State tax commission, was legal, then the position of the State treasurer should be sustained.

The functions of the State tax commission are most important, among which is the equalization of taxes; and it cannot be disputed that the State tax commission had jurisdiction in this matter, and that. being so, under the law applicable to the case, the question arises whether the commission acted arbitrarily, unlawfully, or unjustly in making its certificate aforesaid, to the State treasury.

The Interstate Commerce Law (U. S. Comp. St. § 8563 *et seq.*) has no application to this case, as the shipment of gasoline had been delivered to the consignee, and put in its tank, and was being sold therefrom. *Frank E. Kehrer, plaintiff in error, v. Andrew P. Stewart,* 197 U. S., 60; 25 S. Ct., 403; 49 L. Ed., 663.

When certain duties and powers are delegated to a board or commission or other body, and such delegation is legal, then the rulings, decisions, and acts of such body, if reasonable and within its jurisdiction, will not be disturbed. *Pruitt v. King et al.,* 114 S. C., 525; 104 S. E., 191. See cases in *Brooke v. Milling Company,* 78 S. C., 203; 58 S. E., 806; 125 Am. St. Rep., 780, on right to exercise discretion in the discharge of certain duties imposed by contract or law.

In this case the State tax commission had its duties to perform, and was required to adopt a method for taxing the mixed gasoline, and, in my opinion, the method adopted by that commission was reasonable and just, for that method treated the Charleston Oil Company fairly and justly, and deprived it of no right, and at same time protected the other taxpayers of the State, and the method meted out substantial justice to the State and the Charleston Oil Company. The Charleston Oil Company, of its own volition, mixed nontaxable and taxable gasoline in the same reservoir, and, in equalizing the taxes, and in securing the uniformity of taxation, as required by article 10, § 1, of the Constitution of 1895, the State tax commission was entirely within its jurisdiction in assessing the tax on 30 per cent of the gasoline sold from said reservoir that month, and in adding the penalty prescribed by law for failure to pay the tax as provided by law.

To adopt the method suggested by the taxpayer in this case, that is, to put into its tank 70 per cent nontaxable and 30 per cent taxable gasoline each month, and sell therefrom a little more than the nontaxable that month, and continue this process, how and when would the State collect the tax due it? The method suggested by the taxpayer, if adopted generally, could be invoked to the great detriment of the State, and be an obstruction in the collection of its license tax.

In *Crescent Mfg. Co. v. State Tax Commission* (S. C.), 124 S. E., 761, syllabus 8 reads as follows:

31—S. C. R.—131

"If the legislative intent is apparent from an examination and consideration of the statute as a whole, the rule of strict construction in favor of taxpayer does not apply."

The powers and duties of the State tax commission are plain under the statute, and the legislative intent apparent, and one of those duties was to have three cents a gallon paid on gasoline, as already mentioned, and, to do this, it became necessary to adopt a reasonable and just method for collecting that tax when nontaxable and taxable gasoline were mixed in one reservoir.

The taxpayer in this case, having mixed the nontaxable and taxable gasoline, must abide the reasonable method adopted by the State tax commission for the payment of the tax due on the taxable portion in the mixture sold.

For the foregoing reasons, exception 1, the only exception taken, is sustained, and the order of the Circuit Court reversed.

MR. JUSTICE MARION and MR. ACTING ASSOCIATE JUSTICE F. A. MILLER concur.

ACTING ASSOCIATE JUSTICE F. A. MILLER: It is to be determined whether under the act of 1922 (32 Stat. 835), amended by act of 1923 (33 Stat., 204) the computation of the tax of three cents per gallon is to be made according to the contention of the South Carolina tax commission or according to the contention of the taxpayer, with which the Court below agreed.

It is conceded that the oil company had on hand during the month of May, 1924, 136,000 gallons of gasoline, on 95,000 gallons of which the tax had been paid and on 41,000 gallons of which the tax had not been paid, and which was therefore taxable; that the taxable and the nontaxable were mixed in a common reservoir, from which 114,000 gallons of the mixture were sold during May, 1924; that the nontaxable gasoline sold was practically 70 per cent of the whole, and the taxable 30 per cent thereof. Shall the tax be computed on the 30 per cent of all sales made from

this mixture, or shall 70 per cent of all sales be first deducted as being tax exempt before the remainder is taxed?

There is no escape from the conclusion that, since the oil company mixed the 70 per cent nontaxable with the 30 per cent taxable and sold them so, the only fair basis for computing the tax is according to the physical fact, and appellants' contention thereabout must be sustained. I think, therefore, the judgment of the Circuit Court should be reversed.

Mr. Justice Watts, (dissenting). I am satisfied with the decree of Judge Mauldin and think the judgment of this Court should be that the judgment of the Circuit Court be affirmed.

Mr. Justice Fraser concurs.

Mr. Justice Marion dissents.