## Charles F. Barnes *versus* James Taylor.

When property has been seized and libeled by a collector of the customs for a breach of the revenue laws of the United States, it is to be considered in the custody of the law, until the claimant *obtains* the possession by order of the Court.

Therefore a demand made upon the collector by the marshal, holding an order of restoration, and a refusal by the collector to deliver the property would not prove a conversion by the collector.

In such a case a portion of the property was abstracted, *while thus in the custody of the law*, and the claimant obtained an order for the restoration of the whole, and actually received possession of the part which remained. *Held*, he could not maintain trover against the collector for the abstracted part.

*It seems*, his remedy should be sought in the same Court of the United States which ordered the restoration.

Trover, for the conversion of the schooner Palo Alto and her cargo.

The vessel was enrolled in the district of Wiscasset, June 27, 1847, as measuring $20\frac{12}{95}$ tons, of which plaintiff appeared to be owner and master, and was under a fishing license. The plaintiff proceeded in her to Portland, purchased a quantity of goods of Mitchell & Son, to the amount of $873,36, of which $387,64 was for spirituous liquors, there being more than 500 gallons.

These were put on board the schooner and taken to Wiscasset, where she arrived on the 15th of July, when both the schooner and goods were seized by the defendant as collector of that port, for a breach of the revenue laws.

The schooner and cargo were libeled July 19, and on the 21st, the plaintiff filed his claim and a petition for a remission of the forfeiture. A remittitur was granted by the Secretary of the Treasury, September 18, and on its being filed in the District Court of the U. S. at Portland, an order of restoration

was issued by the Court, to the marshal or his deputy, September 30th.

On September 29, and again on October 4, the Secretary of the Treasury wrote the district attorney to return the certificate of remittitur, to be revoked, as on further consideration of the matter, he was satisfied the claimant was not entitled to relief.

On the 1st and 7th of October, the district attorney wrote to the collector communicating these directions from the Secretary, and suggesting a suspension of the action of the deputy marshal, and of the collector on the order of restoration.

On the 8th of October the deputy marshal made a return upon his order, that he had made a demand upon the collector, and that the collector had refused to deliver the property. There was evidence that on that day, when called upon by the deputy, the collector showed him the letters of the district attorney, and expressed some hesitation as to the propriety of restoring the property under such circumstances, until the further action of the Secretary; and that the deputy marshal concurred in the suggestions made in the letters, but wished to do his duty about it, and proposed a formal demand, that he might make a proper return, and let the property rest where it was, until further proceedings in Court.

On the 20th November, the Secretary of the Treasury issued an order, revoking the remittitur, which was filed in the District Court, November 30th.

On the 7th December, plaintiff petitioned the Judge of the District Court for a redelivery of the property on appraisal, and giving a bond, which was granted, and on the 16th December, the appraisers made return under oath, and on the same day, the plaintiff filed his bond, and on the 18th December, the Judge issued a warrant of restoration, under which the deputy marshal returned, under date 22d of Dec. that he had delivered possession of said vessel and cargo to the claimant.

On the 23d Dec. the plaintiff's counsel filed a motion in the District Court to dismiss the libel, to which motion the district

attorney filed objections, claiming a forfeiture of said vessel and goods. The Judge decreed a dismissal of the libel, from which the district attorney appealed to the Circuit Court of the United States, which was allowed, and entered at the next term thereof. The appeal was pending at the time of the commencement of this suit, which was December 27, 1847.

The defendant offered in evidence a mortgage of said vessel by plaintiff to said Mitchell & Son, to secure payment of $892,60, in four months from July 10, which mortgage was dated July 24, 1847, recorded July 26, and filed in the office of the collector on Oct. 18. Also a copy of another bill of sale of said goods of same date, by same to same, to secure payment of the same debt. Also a copy of a mortgage of the same from the plaintiff to Hiram Rayner, dated Sept. 27, 1847, recorded same day, to secure the payment of $428,51, by Sept. 12, 1849.

The vessel was taken into possession by Mitchell, under his mortgage, at the time, (Dec. 22,) when it was given up by the deputy marshal to the plaintiff, and the cargo, when delivered by the marshal, was attached by the sheriff on writs against the plaintiff, and had since remained in the hands of the sheriff by virtue of said attachments.

There was also evidence tending to show that prior to the appraisement aforesaid, and after the seizure, some portion of the liquors, being part of said merchandise, had been abstracted from the casks, and that all the property seized was not therefore delivered up on the 22d of December.

The trial was had before HOWARD, J. and a verdict was returned for the plaintiff, for $20,24.

The defendant's counsel requested these instructions: —

1st. That the bills of sale on condition from plaintiff to Mitchell & Son, transferred the legal title in the property to them, and gave them the right to immediate possession of it, except as against the defendant while having it in lawful custody as collector, and that the plaintiff, having neither the right of property nor of possession, nor the actual possession

at the time of the supposed conversion, cannot maintain this action.

2. That this action cannot be maintained, being commenced after the appeal of the 23d Dec., and pending the action on libel for forfeiture, and before the final decision of the appellate Court on the question of the power of the Secretary of the Treasury to revoke the remittitur.

3. That the said property having been delivered up or relinquished by defendant on the 22d Dec. on the order and warrant of restoration of Dec. 18, granted on plaintiff's petition of Dec. 7, and on his giving the bond of Dec. 16, this action of trover, subsequently commenced, cannot be maintained.

4. That the defendant had the right to retain the property as against the demand of the marshal on the 5th and 8th of October, it not appearing that he acted in any other capacity in making the demand than that of marshal, nor especially, that he acted as agent or attorney of the plaintiff.

5. That the return of the marshal, of demand and refusal on the warrant of restoration of Sept. 30, is not conclusive of a conversion by the defendant, and that, if the defendant had no purpose to appropriate the property to his own use, or to the use of any other person unlawfully, but omitted or deferred the delivery of it to the marshal on the 5th and 8th of October, on account of the information he received from the district attorney, communicating the order of the Secretary of the Treasury to return the remittitur to be revoked, the defendant reasonably supposing the property ought to be retained by him, until the final action of the Secretary and the Court thereon, such retention of the property by defendant was not a conversion of it to his own use, such as is necessary to support this action.

6. That if the defendant on the 8th of October, had reasonable ground to apprehend that the property ought to be retained till the further action of the Secretary and of the Court in relation to the remittitur, and did on that ground retain it, that was not such a conversion as would support an action of

trover by plaintiff, although in point of fact the plaintiff might have had a legal right to the possession under the remittitur.

7. If the plaintiff is entitled to recover, he can only recover nominal damages.

If this instruction should be withheld, then : —

8th. That the measure of damages should be the net profit (if any) the plaintiff may have proved that he could have derived from the use of the schooner from Oct. 8, to Dec. 22, deducting expense, insurance and risk.

The presiding Judge declined so to instruct the jury, but did instruct them, for the purposes of the trial, that the action was maintainable, that the mortgages to Mitchell & Son and Rayner, did not affect the rights of the parties involved in this action, that the pendency of the libel in the Circuit Court on appeal, had not the effect to suspend the right of plaintiff to have and receive the property from the defendant by virtue of the remittitur, and that their verdict must be for the plaintiff, and the measure of damages would be the interest on the reasonable fair value of the property, from Oct. 8 to Dec. 22, 1847, and if they found any portion had not been delivered up and accepted by plaintiff, but abstracted or kept back, the value of that with interest, must be added to the interest on that part which was delivered up.

And exceptions were filed by defendant.

*Ruggles & Ingalls*, for defendant.

1. The first requested instruction ought to have been given. *Paul* v. *Hayford*, 22 Maine, 234; *Welch* v. *Whittemore*, 25 Maine, 85; *Ayer* v. *Bartlett*, 9 Pick. 159; *Forbes* v. *Parker*, 16 *ib.* 462; *Burditt* v. *Hunt*, 25 Maine, 419; *Ingraham* v. *Martin*, 15 Maine, 374; *Abbott* v. *Goodwin*, 20 Maine, 408; *Smith* v. *Putney*, 18 Maine, 18; *Bailey* v. *Spring*, 7 Greenl. 241; *Cutler* v. *Copeland*, 18 Maine, 127; 2 Greenl. Ev. § 636—640; *Packard* v. *Low*, 15 Maine, 48; *Melody* v. *Chandler*, 3 Fairf. 282; *Sheldon* v. *Soper*, 14 Johns. 352; *Pain & al.* v. *Whittaker*, Ryan & Moody, 99; *Vincent* v. *Connell*, 13 Pick. 294; *Putnam* v. *Wyman*, 8 Johns.

337—339; *Van Brunt* v. *Schenck*, 11 Johns. 377 ; 1 Chitty's Pl. (2d American Ed.) 151 ; *Gordon* v. *Harper*, 7 T. R. 9 ; *Harwood* v. *Smith*, 2 T. R. 750.

2. This action cannot be maintained, being commenced after the appeal of the 23d December, and pending the action of libel for forfeiture, and before final decision of the appellate court on the question of the power of the secretary of the Treasury to revoke the remittitur. United States Statutes, Pet. Ed. c. 22, § 71, 69, [act of 1799, March 2, § 69.]

3. The said property having been delivered up or relinquished by defendant on the 22d Dec. on the order and warrant of restoration of Dec. 18, granted on the plaintiff's petition of Dec. 7, and on his giving the bond of Dec. 16, this action being subsequently commenced in trover, as for a conversion, cannot be maintained. *Rotch* v. *Howes*, 12 Pick. 136 ; *Hayward* v. *Seaward*, 28 E. C. L. R. 269.

4. The defendant had a right to retain the property against the demand of the marshal, on the 5th and 8th of October, it not appearing that he acted in any other capacity in making the demand, than that of marshal, nor especially that he acted as agent or attorney for plaintiff. *Gunion* v. *Nurse*, 2 B. & B. 447 ; 6 Eng. C. L. Rep. 193 ; *Solomon* v. *Dawes*, 1 Esp. C. 83 ; Steph. N. P. 2685, 2588 ; 3 Stark. Ev. 3d ed. 1161 ; 4 Esp. N. P. C. 156 ; 2 Stark. Ev. 480, 483 ; 2 Greenl. Ev. § 644.

5. The fifth and sixth requested instructions, ought to have been given. *Solomon* v. *Dawes*, 1 Esp. chap. 83 ; *Watts* v. *Potter*, 2 Mason, 77 ; 2 Stark. Ev. 840, 843 ; *Jacob & al.* v. *Lowsett*, 6 Searg. & Rawle, 3C0 ; *Alexander* v. *Southey*, 5 B. & A. 249 ; 7 Eng. C. L. Rep. 85 ; 2 Greenl. Ev. § 644 ; 3 Steph. N. P. 2684, 2685, 2686, 2688 ; 2 Lownd. 47 ; Bull. N. P. 44 ; 2 Mod. 244 ; 1 Moore & Scott, 459 ; *Hayward* v. *Seaward*, 28 Eng. C. L. Rep. 269 ; Steph. N. P. 2689, 2709.

6. If the action be maintainable, the plaintiff is entitled to nominal damages only. Steph. N. P. 2712, 2681.

*S. Fessenden* and *Foote* argued for the plaintiff.

The compiler regrets that the argument is not found among the papers of the case.

SHEPLEY, C. J. — The action is trover to recover for the conversion of the schooner Palo Alto and cargo. The defendant, as collector of the customs for the district of Wiscasset, caused the vessel and cargo to be seized on July 15, 1847, as forfeited to the United States for a breach of the revenue laws. A libel having been filed, the plaintiff, on July 21, appeared and claimed the property; admitted its liability to forfeiture, and filed a petition to the Secretary of the Treasury for a remission of the forfeiture. On the 30th day of September following, a remittitur of the forfeiture by the Secretary was filed in Court, and a warrant was issued by the Court to the marshal for a restoration of the property to the claimant. Soon after, the attorney of the Uuited States received instructions from the Secretary for a return of the remittitur, that it might be revoked. These instructions were communicated to the collector with a suggestion, that the action of the collector and marshal upon the warrant for a restoration of the property should be suspended.

On October 8, 1847, a deputy of the marshal made a return upon that warrant, that he had made a demand for a delivery of the property upon the collector, who refused to deliver it.

This refusal is relied upon as evidence of conversion.

On November 30, 1847, a revocation by the Secretary of his remittitur was filed in Court, and on the 7th of December following, the plaintiff presented to the Court a petition, that the property might be delivered to him upon his giving a bond to the United States for its appraised value. An appraisement was ordered and made, and a bond executed by the plaintiff with surety, was filed, and on December 18th, a warrant was issued by the Court for a delivery of the property to the plaintiff, and it was by virtue of that warrant delivered to him on the 22d day of the same month.

On the 27th day of the same month this action was commenced.

It is not necessary to recite the further proceedings respecting that seizure in the Courts of the United States.

It is provided by the act of Congress, approved on March 2, 1799, c. 128, § 69, that all goods, wares and merchandize, seized by virtue of that act, shall remain in the custody of the collector, until proceedings are had to determine, whether the same have been forfeited. Provision is made by the same act, § 89, that upon prayer of any claimant to the Court, that any vessel, goods, wares or merchandize seized and prosecuted, should be delivered to such claimant, the Court may cause an appraisement thereof to be made and, upon his filing an approved bond, order the property to be delivered to him.

Admitting that the return of the deputy marshal, made upon the first warrant, might be *evidence* of a conversion by the defendant on October 8, 1847, such demand and refusal is not conclusive proof of it. *Hayward* v. *Seaward*, 1 Moore & Scott, 459.

The petition of the plaintiff to the Court, filed on the 7th of the following December, was an admission, that the goods were then in the legal custody of the United States, as goods seized, and therefore legally in the custody of the defendant as collector of the customs. The goods were subsequently received by the plaintiff from the defendant, upon a bond given to the United States, for their appraised value, according to the provisions of the statute and in execution of the process of law. " When goods are brought into the custody of the law by process *in rem* a claimant cannot, it is true, recover the possession of them but by order of the Court." *The Emblem*, Daveis' Reports, 69. When a precept of the Court, which orders a restoration of property, is not executed by restoring it, the property yet remains in the custody of the law and of the proper officer, to whose custody it is entrusted by the law. If that officer refuses to obey the precept directing a restoration, it is for the Court issuing the precept to

adopt the proper measures to cause the property to be restored by compulsory process, if it shall adjudge such to be its duty. The Court issuing the second precept for a restoration must have regarded the property as still in the custody of the law.

Under such circumstances the defendant cannot be considered as having converted the goods to his own use, by refusing to deliver them in obedience to the first precept issued for their restoration. If he were so considered, the plaintiff, instead of presenting a petition to the Court for their restoration, might have immediately commenced a suit against the defendant and have recovered their value. And even admitting that he might have done so, he could not, after admitting them to be in the custody of the law and its designated officer, be permitted to allege, that they had before been by that officer converted to his own use as a tortfeasor.

The bill of exceptions states, that there was evidence tending to prove, that some of the liquor had been abstracted from the casks after the seizure and before the appraisement, and that all the property seized was not restored.

This testimony does not tend to show, that there had been any liquor taken from the casks, before the plaintiff filed his petition to have the property restored, upon giving a bond for its appraised value. And if it was not all restored, being legally in the custody of the defendant, the proper remedy would seem to have been found by an application to the Court having authority to cause it to be restored or compensation to be made. The marshal appears to have made a return, that he had delivered possession of the vessel and cargo to the claimant; and the claimant does not appear to have made any complaint to that Court, that all the property seized was not restored.

The instruction to the jury, that their verdict must be for the plaintiff, was erroneous.

It will not be necessary to consider the other points made in argument.

> *Exceptions sustained, verdict set aside*
> *and new trial granted.*