SAMUEL H. FOLSOM *vs.* COUNTY COMMISSIONERS OF
MIDDLESEX.

Middlesex.   January 12, 13, 1899. — March 2, 1899.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Laying out Way — Petition — Order of County Commissioners — Statute
— Effect of Action on Former Petition.*

Under a petition for the laying out of a new way, running southerly from a certain
street, and in extension of an old way, and containing no prayer for the altera-
tion of the old way, county commissioners may lay out southerly from the
street mentioned a new way, which includes a portion of the old way taken
lengthwise.

The fact that county commissioners, while a petition for the laying out of a new
way was pending before them, acted upon a similar but less extensive petition,
and ordered the way therein prayed for, but there was a failure to do anything
towards the construction of the way within the two years mentioned in Pub.
Sts. c. 49, § 88, does not prevent the commissioners after that period from pro-
ceeding under the pending petition.

PETITION for a writ of certiorari, to quash the proceedings of
the respondents in laying out a town way in Winchester.   Hear-
ing before *Knowlton,* J., who, at the request of the petitioner,
reported the case for the consideration of the full court.   The
facts appear in the opinion.

*G. L. Mayberry,* (*T. F. Carey* with him,) for the petitioner.

*J. T. Wilson & A. S. Hall,* for the respondents.

HOLMES, J.   This is a petition for certiorari to quash pro-
ceedings by the respondents in laying out a town way in Win-
chester.   The first objection is that the petition upon which the
respondents acted was a petition for the laying out of a new
way, and that under such a petition they could not lay out a
way which should include a portion of an old way taken length-
wise; that that could be done only under a prayer for an alter-
ation.   The facts are that the way laid out starts from what
was called Highland Avenue at Mt. Vernon Street, and extends
southerly for five thousand two hundred and sixty-three feet;
that substantially it is a new way, but that for six hundred and
sixty-three feet from Mt. Vernon Street it does completely include
an old way about thirty-five feet wide.   The new way is sixty feet

wide.   The petition for the way was for a way running southerly
from Mt. Vernon Street, and in extension of Highland Avenue,
and thus manifestly contemplated taking this old way as was done,
unless it shall be held that, because what is wanted is described
as the laying out of a new way, the scope of the prayer and the
jurisdiction of the respondents were diminished.   But it would
be unreasonable to attach so much importance to nomenclature.
What was wanted was plain, and the procedure was the same,
whatever the thing was called.   *Commonwealth* v. *County Com-
missioners*, 8 Pick. 343, 345.   *Bliss* v. *Deerfield*, 13 Pick. 102,
106, 107.   Indeed, it seems to us that the form adopted was
strictly proper, and that when the alteration of an old way is
merely incident to what in substance is the laying out of a new
one, it would be a superfluous nicety to require different prayers
for different parts of the way.   Assuming that they acted within
the scope of the petition, we see no reason to doubt the power of
the county commissioners.   That they could have widened the
old way, or located it anew, is plain.   It seems to us that their
action was equally effectual when it took the form of establish-
ing and ordering the construction of a new way within the new
boundaries.   The attempt to locate a highway over a turnpike
by virtue of general powers presented a different question.   In
such a case the right to take toll conferred by the charter of the
turnpike corporation might be infringed.   *West Boston Bridge*
v. *County Commissioners*, 10 Pick. 270, 272.   *Commonwealth* v.
*West Boston Bridge*, 13 Pick. 195, 196.   See *Easthampton* v.
*County Commissioners*, 154 Mass. 424.

Another objection is that, while the petition upon which the
respondents now have acted was pending, another similar but
much less extensive petition was acted upon by them, and the
way prayed for was ordered.   It is urged that this order ex-
hausted the power of the respondents, that for two years they
could not have passed the order now before us, and that, al-
though there has been a failure for two years to do anything
toward the construction of the way, still, by Pub. Sts. c. 49,
§ 88, the laying out is made void only as against the owners of
land over which the way is located, and that they are at liberty
to elect in favor of the old proceedings.   *Pickford* v. *Lynn*, 98
Mass. 491, 499.   We have some difficulty with the first assump-

tion, as we have stated, which supposes that the second order could not have been passed within two years. But, however that may be, we think that it would be giving too refined a construction to the section of the Public Statutes last cited to hold that it did not so far avoid the old proceedings as to leave the county commissioners at liberty to proceed again. If so, they might as well proceed upon the old petition as upon a new one. The former order was not an adjudication upon it in a technical sense, even if it stopped further action under it while the former order was in force.

Without going over the argument for the petitioner in more detail, we are of opinion that the writ should not be granted.

*Petition dismissed.*