WILLIAM SPAFFORD AND W. H. PRUYN, JR., *Petitioners,* V.
BREVARD COUNTY, FLORIDA, BY E. C. JOHNSON, JOHN B.
RODES, GEO. G. BROCKETT, P. W. ROBERTS AND JOHN E.
REED, COUNTY COMMISSIONERS OF SAID COUNTY, AND THE
STATE ROAD DEPARTMENT OF THE STATE OF FLORIDA, *Respondents.*

En Banc.

Certiorari.

WHITFIELD, J.:

1. In condemnation proceedings under the right of eminent
domain, the owner of property sought to be appropriated has
a right to be heard as to the amount of compensation that
should be paid or secured to him; and such right extends to
a determination of amounts required to be paid into court
or secured to meet an ultimate adjudication of compensation
where such amounts are to be paid into court or secured as
a prerequisite to an appropriation of the property pending
condemnation proceedings.

2. When the right of eminent domain is delegated with condi-
tions to its exercise, the performance of the conditions is
subject to judicial cognizance; and judicial authority is ex-
ercised upon notice and hearing.

3. In this State the determination of what is just compensation
for private property that is taken for public use, is a judi-
cial function that cannot be performed by the legislature
either directly or by any method of indirection.

4. Even if under the present Constitution of this State, the
legislature may lawfully authorize private property to be ap-
propriated to a public use upon the institution of condemna-
tion proceedings and the payment into court or the securing
judged compensation when finally ascertained, the amount
of such an amount as the court may direct, to pay the ad-

so paid into court or secured should be duly determined by the courts in the orderly course of judicial procedure. The means and processes of determining the compensation for property appropriated for public uses cannot lawfully be circumscribed or arbitrarily controlled by legislative action as to make the amount to be paid into court or secured, a legislative and not a judicial ascertainment and determination.

5. Where the sovereign power of eminent domain is delegated with limitations or conditions upon the exercise of the right, the owner of property sought to be taken under such delegated authority has a right to be heard in an appropriate tribunal upon the question of whether delegated authority is being duly exercised in taking his property.

6. Where the taking or appropriation of particular private property for a public use is not by direct Act of legislature, but is by a corporate State agency under delegated authority with conditions attached to the exercise of the power, the organic law contemplates that such taking or appropriation shall be by due course of law after notice and reasonable opportunity to be heard in the premises have been given to the owner.

7. The organic provision that private property shall not be taken without just compensation, contemplates that before property is taken for a public use, just compensation therefor shall be paid or adequately secured, and the owner is entitled to be heard as to what is just compensation before the property is appropriated, at least where the right to condemn is delegated to an agency with attached limitations and conditions to the exercise of the delegated authority.

8. The statutes provide for orderly judicial proceedings to be had in due course of law, except that the provisions of Section 2, Chapter 10118 for an order for the entry upon and the construction of a highway on the lands sought to be condemned upon the making of a deposit, the amount of which is determined upon *ex parte* affidavits without notice to the owner of the property, is an arbitrary attempt to appropri-

ate property without due process of law and without a lawful determination of what is just compensation for the property taken.

The petition for rehearing should be denied.

*Shepart & Wahl,* for Petitioners;

*B. A. Meginnis* and *M. B. Smith,* for Respondents.