J. FRANK SMITH, OTHO SMITH, A. B. PARKS, A. W. PARKS, E. P. DANIEL, FENNELL HINSON, CECIL. PARKS, ROWLAND PARKS, HENRY HART, J. B. SMITH, CHARLIE PARKS, B. E. PARKS, ON BEHALF OF THEMSELVES AND ALL OTHER INTERESTED CITIZENS AND TAX-PAYERS WHO MAY COME IN AND MAKE THEMSELVES PARTIES HEREIN, v. STATE HIGHWAY COMMISSION.

(Filed 5 October, 1927.)

**Roads and Highways—Highways—State Highway Commission—Statutes —Location of Roads—County Commissioners—Final Adjudication— Injunction.**

Where the road-governing body of a county has objected to the location of one of its highways leading to the county-seat of an adjoining county, and has entered into the question of the proper route with the State Highway Commission, and thereafter, with consent of the county road-governing body a route has been selected without material variation from that given in the legislative map and fiat: *Held*, the power of the State Highway Commission to slightly or immaterially vary the location of the highway in question is not at an end until its final acceptance thereof, and the work thereon will not be enjoined thereafter, at the suit of the taxpayers of the county. Chapter 2, sec. 7, Public Laws of 1921. *Carlyle v. Highway Com.*, 193 N. C., 48; *Newton v. Highway Com., ante,* 170, cited and approved.

APPEAL by plaintiffs from *Harris, J.*, at April Term, 1927, of WAYNE. Affirmed.

*D. H. Bland and W. S. O'B. Robinson for plaintiffs.*
*Assistant Attorney-General Ross and Kenneth C. Royall for defendant.*

CLARKSON, J. This is an action brought by plaintiffs against defendant in which the provisional remedy of injunctive relief is asked. A restraining order was granted plaintiffs and came on for final hearing at April Term, 1927, Wayne Superior Court. The court below, from the pleadings and affidavits, found the facts as shown by the record.

The material facts found for the determination of this action are as follows: "Section 5. From 31 May, 1921, to 28 September, 1926, the location of the Goldsboro-Snow Hill road was the subject of negotiations between the State Highway Commission and the Wayne County road authorities. A number of resolutions were passed by the Wayne Highway Commission, and the commissioners of Wayne County, and numerous personal interviews were had. At least six different locations were surveyed and discussed, and finally the location now contended for

by the defendant was surveyed and adopted by the State Highway Commission, and formally accepted by the Wayne Highway Commission, by resolution offered in evidence dated 28 September, 1926."

Based on the finding of facts the court below held: "That the road from Goldsboro to Snow Hill, designated on the map as route 102, has not been definitely and finally located and taken over by the State Highway Commission prior to 28 September, 1926, and that the definite location thereof by said State Highway Commission on or about said date, as designated on the map offered in evidence, is a valid exercise of the authority conferred by law on said State Highway Commission. . . . It is, therefore, considered, ordered and decreed by the court that the restraining order heretofore issued in this cause be and the same is hereby dissolved."

We are of the opinion that the judgment of the court below on the facts found was correct.

In *Carlyle v. Highway Com.*, 193 N. C., at p. 48, this Court said: "We are, therefore, of the opinion that the statute means that when an existing highway has been designated, mapped, selected, established and accepted by the State Highway Commission as the sole and independent connection between two county seats in compliance with the formalities prescribed by the statute that this is a location of the road as a permanent link of the State System of Highways."

In *Newton v. Highway Com.*, ante, at p. 170-1, this Court said: "(1) That the defendant, in the free exercise of its discretion, selected the existing road between Statesville and Newton as a permanent link of the State Highway System. (2) That in the construction of said road the statute authorizes the defendant to make such changes and relocations of said existing highway as it may deem necessary for the efficient and economical construction thereof. (3) That the road proposed by the defendant, indicated on the map as the orange line, or Line No. 3, is a radical departure from the highway already selected and incorporated by the defendant as a permanent link in the State Highway System, and that such proposed road is not a change or relocation of the highway selected, but is a totally new and independent project, and does not comply with the meaning and intent of the law as written."

Recognizing the now settled law in this jurisdiction, the defendant in its brief says: "We submit that, upon this statement of facts, abundantly supported and uncontradicted in the record, that the first and only location of the Goldsboro-Snow Hill road ever definitely settled and agreed upon between the State Highway Commission and the road governing body of Wayne County, was this location set out in the record,

page 34, and adopted and approved 28 September, 1926, and that, under the doctrine of *Newton v. Highway Com., ante,* 159, and *Carlyle v. Highway Com.,* 193 N. C., p. 36, became final and constitutes 'a link or part of the State Highway System.' "

In the present action the road leading from Goldsboro to Snow Hill was never taken over in accordance with the laws of 1921, ch. 2, sec. 7. The facts as found disclose that the chairman of the State Highway Commission, on 26 April, 1921, mapped the roads for Wayne County, in accordance with the legislative map and fiat, and notified the road governing body of Wayne County, the Wayne Highway Commission.

Part of the section of the statute pertinent provides: "If no objection or protest is made by the board of county commissioners or the county road-governing body of any county, or street-governing body of any city or town in the State within sixty days after the notification before mentioned; then and in that case the said roads or streets, to which no objections are made, shall be and constitute links or parts of the State Highway System."

. Immediately, on 29 April, 1921, the Wayne Highway Commission passed the following resolution, which was furnished the State Highway Commission: "Upon motion properly made, seconded and passed, it was ordered that the chairman and engineer present at the earliest practicable date a map to the State Highway Commission and chairman thereof, showing the location of the four following roads as shown upon the State highway map: (1) Goldsboro to Johnston County line; (2) Goldsboro to Lenoir County line; (3) Goldsboro to Duplin County line; (4) Goldsboro to Wilson County line, *and take up with them the advisability of making a new location of the road from Goldsboro to Snow Hill.*"

The facts found further disclose: "On 20 May, 1921, the Wayne Highway Commission accepted the four roads first above mentioned, but by resolution objected to the location of the Snow Hill road and instructed the chairman and engineer of the Wayne Highway Commission to take up with the State Highway Commission the advisability of making a new location of the road from Goldsboro to Snow Hill. On 31 May the Wayne Highway Commission by resolution instructed its chairman and engineer to investigate the best location of the Snow Hill road and submit a report to the Wayne Highway Commission. On 1 June, 1921, the State Highway Commission formally took over all the State highways in Wayne County except the Snow Hill road, and by letter notified the Wayne Highway Commission that these other roads were being taken over. During the summer of 1921 the State

Highway Commission erected highway signs along road shown by dotted line, which signs bore the designation 'N. C. 102'; and since that time the State Highway Commission has from time to time dragged said road, and made repairs thereon, but has not erected any permanent structures thereon, but the evidence discloses no formal acceptance by Wayne County."

The facts found are borne out by the records of the Wayne Highway Commission, and testimony of the engineer of the Wayne Highway Commission, who has been with it continuously since April, 1921, and others.

"In injunction proceedings this Court has the power to find and review the findings of fact on appeal, but the burden is on the appellant to assign and show error, and there is a presumption that the judgment and proceedings in the court below are correct." *Wentz v. Land Co.*, 193 N. C., at p. 34. The evidence was plenary to sustain the findings of fact.

It is now well settled in this jurisdiction that when the county roads were taken over under the law of 1921, ch. 2, sec. 7, and became links and parts of the State Highway System, no substantial or radical departure could be made. In the present case the road from Goldsboro to Snow Hill was not made a permanent link or part of the State Highway System until 28 September, 1926. See *Johnson v. Comrs.*, 192 N. C., p. 561.

This litigation was pending when chapter 46, Public Laws 1927, was enacted. The judgment below is

Affirmed.