**CARDELLE W. BROWER and J. M. BUCHANAN v. PUTNAM COUNTY, a political subdivision of the State of Florida, by the Board of Bond Trustees of Putnam County, Florida.**

33 So. (2nd) 220          June Term, 1947
January 9, 1948          En Banc
Rehearing denied January 31, 1948

*H. E. Merryday* and *Walton & Walton,* for appellants.

*Dowda & Millican* and *R. W. Irwin, Jr.,* for appellee.

BUFORD, J.:

Putnam County, at the instance of the State Road Department instituted condemnation proceedings for the purpose of acquiring right-of-way on which to relocate and reconstruct a part (less than four miles) of original Road No. 3, now Road No. 15, in Putnam County, so as to eliminate dangerous right-angle turns and inconvenient curves.

Appellants contested the proceedings, challenging the authority of the State Road Repartment to relocate and reconstruct the part of road contemplated.

The old road and the proposed relocation is shown on the plat here inserted which is drawn to scale of ¼ inch to 1000 feet.

The court below rendered judgment in favor of plaintiff and defendants appealed.

The record shows that the locus in quo is a part of the Federal Aid Highway System and was so designated and approved by the joint official action of the State Road Department and Public Roads Administration, Federal Works Agency, in 1945 and 1946 by resolution of State Road Department and approving letters by L. E. Boykin, Acting Commissioner of Public Roads.

Section 1 of Chapter 10269, Acts of 1925, contains the following:

"Also 45 miles to be designated by the State Road Department and Federal Government as part of the Federal Seven Per Cent System and such further mileage of roads as may be in the future allowed, allotted and designated by the State Road Department and Federal Government as part of the Federal Seven Per Cent System."

Section 341.24 Florida Statutes 1941 (same F.S.A.) provides:

"The State Road Department shall maintain the State Roads and protect and preserve the same from trespass and injury and prevent such use of, and traffic on said roads as is or will be liable to injure or destroy the same, and is or will be liable to endanger the comfort and safety of public travel on said roads. Said department shall make and maintain said roads safe for the use of sober, law-abiding citizens who desire to travel over the same."

Chapter 23,786 Acts of 1947, which is:

"An Act Regulating the Repair, Reconstruction, Relocation and Alterations of State Roads and State-Aid Roads; Requiring the Construction and Designation of Detour Roads for the Convenience of the traveling Public; Imposing Certain Duties upon the State Road Department, its Contractors, Agents and Representatives."—in Section 5 thereof provides:

"This Act shall not apply in cases of emergency highway work caused by Act of God or other sudden, unexpected event; nor is the Act intended to preclude the necessary relocation, reconstruction, alteration or repair of state roads where deemed necessary by the State Road Department provided

such work is performed within the provisions of this Act."

So it appears to us that, regardless of any other statutory provisions, all of which must be read in paria materia with the provisions above referred to, the State Road Department has the power to relocate this particular section of Public road and to reconstruct the same in the interest of public welfare and as a part of authorized "further mileage of roads . . . allotted and designated by the State Road Department and Federal Government as part of the Federal Seven Per Cent System" and as a part of the State Road System.

Therefore, the judgment is affirmed.

So ordered.

THOMAS, C. J., CHAPMAN, SEBRING and BARNS, J.J., concur.

TERRELL and ADAMS, JJ., dissent.

ADAMS, J., dissenting:

We are called upon to review a judgment in condemnation. The action was brought by Putnam County, at the request of the State Road Department, to secure a right of way to construct a section of State Highway No. 3. The appellants defended the action on the theory that State Road No. 3 was located, constructed and subsequently officially designated by the legislature in 1923. (Chapter 9511). The evidence shows that the State Road Department surveyed this road and supervised its construction upon a fifty foot right of way at an average distance of approximately one quarter of a mile away from the right of way now sought and in somewhat a parallel position. Thereafter the State Road Department maintained and supervised the road. The gist of the defense to the judgment lies in the claim that no plat was filed in the office of the Clerk of the Circuit Court formally accepting the road.

Each party relies on the case, Enzian v. State Road Department, 122 Fla. 527, 165 So. 695. The question here is somewhat as stated there, to-wit: Had the road department located and established the road? The evidence is convincing that the department had in fact theretofore located and established the road which they are now, by implication, seeking to abandon. There appears yet another compelling reason to de-

feat the move. The evidence shows, subsequent to the survey and construction of this road pursuant to lawful authority, the legislature in 1923 formally designated the road. (Chapter 9311). It must be borne in mind that this move is not merely to remove a dangerous curve or eliminate a local hazard but involves building several miles of new road. Neither can it be claimed to be an actual location of the legislative declaration of the road. This road was in existence when designated.

The record is replete with evidence that the road was surveyed and located by the State Road Department. It was built under state supervision, at the expense of the state, and the cost was shared by the United States Government by representation of the state that it was a state highway. The only thing left undone, according to the road department, is their failure to file the plat. Surely this was little more than a ministerial function to evidence the doing of that which now conclusively appears was done. The effect of the filing could only have given prima facie evidence of vesting title in the state to the road. The statute indicates nothing in the way of a penalty for failure to file the plat.