<hr />

PATRICK BANNON, *Plaintiff in Error*, v. JOHN LOGAN, AS SHERIFF, *Defendant in Error*.

Opinion Filed November 11, 1913.

A person having title to the soil under a portion of Lake Marion in Polk County, Florida, does not have a right to fish in the waters of the lake even over the portion of the land thereunder to which he has title and with the consent of adjacent owners, where such fishing violates a statute designed to protect the fish for the benefit of the people of the State who have an interest in the preservation of the fish in the lake.

Writ of error to Circuit Court, Polk County; F. A. Whitney, Judge.

Order affirmed.

*Dozier A. DeVane,* for Plaintiff in Error;

*R. B. Huffaker* and *Luther C. Johnson,* for Defendant in Error.

WHITFIELD, J.—Patrick Bannon was charged by information in the County Court for Polk County with catching "fish from a fresh water lake in Polk County, to-wit: In that part of Lake Marion in Section thirty (30), township 27, range 28, which portion of land or bed of said Lake Marion is the property of the said Patrick Bannon in fee simple, other than by means of hook and line, to-wit, with a seine." In *habeas corpus* proceedings before the Circuit Judge it was contended that the statute under which the petitioner is held in custody is unconstitutional and ineffectual to authorize the arrest. The petitioner was remanded to the custody of the Sheriff, and a writ of error was allowed and taken to such order.

The statute under which the information was filed is as follows: "Any person or persons who shall catch or take any fish in the waters of any lake or stream in Polk

County, State of Florida, with any seine, net, trap or set device, except bait which may be caught with dip net, or by shooting or gigging, or in any way other than with a hook and line, shall be guilty of a misdemeanor; and when any person or persons are found on any lake or stream, or on the bank of any lake or stream, in said Polk County, State of Florida, with any seine, net or trap in his or their possession, it shall be prima facie evidence of his or their guilt, under this section." Section 1, Chap. 6296, Acts of 1911.

By the agreed statement of facts and exhibits in the transcript it appears that Lake Marion covers portions of several sections of land in Polk County; that Patrick Bannon has title to the portion of the lake mentioned in the information, and that a portion of the lake was meandered when surveyed by the government. Under these circumstances the statute regulating the catching of fish in the lakes and streams of Polk County is clearly applicable to Lake Marion, and is not violative of the petitioner's property rights. The lake is apparently of such a size and character and so situated as to be used for fishing purposes by others than the petitioner, and the consent of one or more of the adjacent riparian owners does not afford to the petitioner a right to violate a statute within the power of the legislature to enact for the protection of fish in the lakes and streams of the county in the interest of the citizens of the State. By having title to the soil on which a portion of the waters of the lake rest, the petitioner does not have the right to fish in the waters even over his own land in violation of a statute designed to protect the fish in the lake for the benefit of the people of the State who have an interest in the preservation of the fish of the lake. This

is not a case of a mere pond entirely within the bounds of the petitioner's premises, and nothing is here said with reference to such a pond.

The order remanding petitioner is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.