69 So.2d 328 (1954)
CRUTCHFIELD et al.
v.
F.A. SEBRING REALTY CO.
Supreme Court of Florida. Special Division A.
January 8, 1954.
Haskins & Bryant, Sebring, for appellants.
M.R. McDonald, Sebring, and Holland, Bevis & McRae, Bartow, for appellee.
SEBRING, Justice.
The defendants below have appealed from a final decree of the Circuit Court for Highlands County permanently enjoining them from trespassing upon certain real property owned by the plaintiff and from *329 pumping water by the use of irrigation pumps from a small lake located thereon.
According to the record, the plaintiff below owns all the land surrounding a 64-acre non-navigable lake, known as Basket Lake, and has title to the entire lake area itself. This land, including the lake area, is part of a subdivision known as Basket Lake Groves, that was subdivided in 1915 and resubdivided in 1927. The plat of the area as subdivided in 1915 shows three strips, apparently laid out as roads, running across the plaintiff's property to the shore of the lake; but this Court held, in Board of County Com'rs v. F.A. Sebring Realty Co., Fla., 63 So.2d 256, that the offer to dedicate these strips as streets or roadways had not been accepted by the public and consequently that they could not be opened for public use over the protest of the owner of the property.
As appears from the evidence, the defendants below, for several years, have been pumping water through pipes laid over these strips of plaintiff's property from Basket Lake to citrus groves owned by them and certain other persons in the same subdivision. Although the lands owned by the defendants are not bounded by or abutting on the lake, the defendants assert their right to do this both on the theory of a dedication of the strips to public use and a private right accruing to present owners of lots in the subdivision by reason of the fact that their predecessors in title were induced to buy the lots by oral promises of the selling agents that such lot owners would always have access to the private lake of the plaintiff for the purpose of taking water with which to water their groves.
There is no issue in the case as to right of access to the lake for any other purpose than large scale irrigation pumping.
Upon the pleadings and evidence the court below found that the volume of operation of the defendants' pumps was such as to endanger the water level of the lake; that although at the time the lands were platted lot owners were allowed to haul limited quantities of water from the lake in barrel-lots for use in setting out and caring for young trees, no right could arise from this that would bestow upon the defendants the privilege of operating over the strips in question a modern large-scale irrigation system to pipe water in such quantities as appreciably to reduce the water level in the lake to the detriment of the owner.
The basic issue on the appeal is whether the defendants below have an easement over the strips of land belonging to the plaintiff for irrigation purposes, arising either from a dedication of the strips to the public at large or to predecessors in title of owners of property in the subdivision in which the private lake is located.
It is settled by the decisions of this Court that small lakes are susceptible of private ownership in Florida. Bannon v. Logan, 66 Fla. 329, 63 So. 454, L.R.A. 1916E, 522; Pounds v. Darling, 75 Fla. 125, 77 So. 666, L.R.A. 1918E, 949. In the instant case the court below found, and the evidence sustained the finding, that Basket Lake was a non-navigable lake and that it, and all the land surrounding it was owned by the plaintiff. It is plain, therefore, that the defendants could not claim any right to lay their pipes along the strips and to the lake shore and to take water from the lake for large-scale irrigation because of any riparian rights vested in them; it being well settled that riparian rights subsist only for riparian owners and that those who do not own riparian land cannot claim such rights. See Farnham, Waters and Water Rights, Vol. 2, sec. 463, p. 1568, et seq.; Gould on Waters, sec. 148; 56 Am.Jur., Waters, sec. 283. Compare Taylor v. Tampa Coal Co., Fla., 46 So.2d 392.
The right of the defendants to lay pipes along the strips and to take water from the lake in such quantities as to reduce the water level must, therefore, stand or fall upon the contention that they acquired the right by reason of the fact that their predecessors in title bought land with reference to a 1915 plat which showed three streets or roads leading to the shore of the lake and that said predecessors had been permitted by the owner of the property and the lake to *330 haul small quantities of water from the lake in barrels with mule and wagon outfits.
In disposing of this claim the decree appealed from contained the findings that:
"At the time of the dedication, if any, of said three strips of land, by platting said lands, there was nothing presumed from said plats nor shown from the evidence in the case that would grant to or bestow upon the defendants or others in their position the right to maintain or operate over and upon said three strips of land or any of them, a modern irrigation outfit for the pumping of water from Basket Lake and irrigating citrus groves outside the circle of Basket Lake Drive as shown on the recorded plats. Upon the plats these strips of land are not marked as streets or roads and the most that could be inferred from any dedication would be that they were intended as roads or passageways to and from the lake and the dedication of these strips for such roads would not give or grant any rights to set up irrigation lines through nor to draw and convey water from Basket Lake through such lines to citrus groves of these defendants, as such rights are claimed by defendants. * * * It is noted from the evidence that at the time of and before these lands were platted the only water used for irrigation was used in setting or caring for young trees, and this water was hauled in barrels with mule and wagon outfits."
We agree with the general conclusion reached in the decree. It is held as to easements arising in sales by reference to a plat, that "the effect of filing a map showing streets laid out therein, and the sale of lots, abutting therein, is simply to give a private right of way over the streets in favor of the grantees, and does not authorize the laying of water pipes in the streets by such grantees." 28 C.J.S. Easements, § 88, page 768, citing Van Duyne v. Knox Hat Mfg. Co., 71 N.J. Eq. 375, 64 A. 149.
The cited case illustrates a general principle governing all easements, whether acquired by user, express grant, dedication, or by implication from the circumstances of a particular transaction, that the burden of a right of way upon the servient estate must not be increased to any greater extent than reasonably necessary and contemplated at the time of initial acquisition. Compare Brooks-Garrison Hotel Corp. v. Sara Inv. Co., Fla., 61 So.2d 913. "Every easement carries with it by implication the right, sometimes called a secondary easement, of doing what is reasonably necessary for the full enjoyment of the easement itself * * * [but] the right is limited and must be exercised in such reasonable manner as not injuriously to increase the burden upon the servient tenement * * *." (Emphasis supplied.) 28 C.J.S., Easements, § 76(b), page 754. "According to the present state of authorities, it appears that the grantee of a right of way is not entitled to increase the legitimate burden. * * * And the legal extent of the right * * * must, it seems, be ascertained from the intention of the parties at the time when the right was created." (Emphasis supplied.) Gale on Easements, 12th Ed., pp. 324-325.
Thus, while in some instances it might be necessary to determine from extraneous evidence the intention of the parties to real estate transactions involving implied easements, we are in accord with the conclusion of the chancellor that at the time of the alleged dedication in 1915 it could not have been intended that large-scale irrigation equipment could be operated over the strips of land in question, since such operations were then unknown. Certainly such a right cannot be implied from a permit to haul water in barrels, which is the only grant, express, oral or otherwise, relative to which evidence could have been presented; and the rule against increased burdens on the servient estate prevents acquisition of a more extensive privilege in the absence of user, upon which defendant did not rely.
From the conclusion reached it follows that the decree appealed from should be affirmed.
It is so ordered.
THOMAS, Acting C.J., and MATHEWS and DREW, JJ., concur.