STURGIS, Judge.
Appellees sued under the power of eminent domain to acquire certain real property in Volusia County that was needed for public road purposes.
The appellant, not an original party to the cause, was granted leave to intervene as a party defendant, whereupon she filed an answer alleging ownership of Lots IS to 19, inclusive, of Stetson Plaza Subdivision. The answer alleged that appellant acquired title thereto through an unbroken chain of conveyances originating in a deed from the Trustees of the Internal Improvement Fund of the State of Florida, dated February 4, 1942,- which contained the following reservation :
“Reserving unto the State of Florida an easement for State Road Right-of-way two hundred (200) feet wide, lying equally on each side of the center line of any State Road existing on the date of this deed through so much of any *624 parcel herein described as is within one hundred (100) feet of said Center Line.”
We pause to note that appellees’ petition in the subject suit does not describe or seek to acquire title to any part of or any rights in the property alleged by appellant’s answer to be owned by her, and for aught that appears to the contrary, it was not necessary to the project. Even if a part of the described property is necessary to the road project in suit, we know of no rule of law that requires the condemner under such circumstances to include in a single proceeding all the property required for the project or, indeed, ever to institute proceedings for condemnation of a particular parcel of land or interest therein.
The appellees moved to dismiss appellant’s petition for intervention and answer on the grounds : 1) that the defendant was not entitled to intervene in the cause; 2) that on the date of the staté deed to defendant’s predecessor in title (February 4, 1942) a State Road did exist adjacent to the subject property, wherefore an easement for road purposes exists under the reservation contained in the deed; and 3) that defendant is not entitled to recover damages in this 'proceeding. An order was entered granting the motion and defendant appeals. The order recites, inter alia, that it was
“ * * * stipulated by and between the parties hereto that Spring Garden Road in Volusia County, Florida, was an existing road used by the Public at the time of the passage of Chapter 20,-280, General Laws of Florida, 1941, designating and establishing Spring Garden Road as a State Road and declaring the same to be a part of the system of highways of the State of Florida and that said Spring Garden Road was an existing road used by the public at the time of the issuance of the Deed from the Trustees of the Internal Improvement Fund'of the State of Florida dated February 4, 1942, -reserving unto the State of Florida an easement for State Road right of way of 200 feet wide lying equally on each side of the center line of any State Road existing on the date of said Deed through so much of any Parcel described in said Deed as was within 100 feet of said center line * *
It is apparent that appellant’s alleged' rights were asserted by her answer to exist in respect to only that part of the described' lots lying within 100 feet of the right of way of the road identified by the stipulation and order as “Spring Garden Road” and that the center line of Spring Garden Road is the center line of the road referred to in the petition for condemnation and described by the map of survey and location of the road under improvement, which map was filed in the office of the Clerk of the Circuit Court as required by law.
The Board of Trustees of the Internal Improvement Fund was authorized to make the mentioned reservation in the deed to appellant’s predecessor in title. Central and Southern Florida Flood Control District v. Dupuis, Jr., Fla.App., 105 So.2d 36; Albury v. Central and Southern Florida Flood Control District, Fla.App., 99 So.2d 248; Caldwell v. Kemper, 159 Fla. 231, 31 So.2d 555. Under those decisions two conditions were necessary to exist at the time the state deed issued in order to make effective the reservation contained therein r (1) A road ttsed by the public through or adjacent to state-owned lands conveyed by the state deed; (2) such public road must have been previously designated as ai State Road by the Legislature. The first condition presents a question of fact that in this case was settled in the affirmative by the stipulation related in the order; and the second condition presents a question of law which the Legislature resolved in the affirmative by enactment of Chapter 20280, Laws of Florida, Acts of 1941, designating Spring Garden Road as a State'Road.
From the enactment of Chapter 9311,. Laws of Florida, Acts of 1923, until the enactment of Chapter 29965, Laws of Flor *625 ida, Acts of 1955, the State Road Department was powerless to designate State Roads, which power was exercisable exclusively by the Legislature. During that period, however, the State Road Department had authority to
“survey and locate the line or route of any state road or section of any state road numbered and designated in the preceding section, whenever in the judgment of said department the doing of such work shall be found to be practicable and to the best interests of the state. Whenever such survey and location shall be made and adopted by the said department, a map or plat of such survey and location, certified by the secretary and chairman of the department, shall be filed in the clerk’s office of each county through which said state road or section thereof, so surveyed and located, shall run.” (Section 341.47, Florida Statutes 1953.)
Section 341.47, Florida Statutes 1953, was repealed by Chapter 29965, Laws of Florida, Acts of 1955, and the State Road Department was vested with authority to locate and designate roads as State Roads in the state highway system and to construct and maintain the same with any funds available from the state and federal government (Section 335.02, Florida Statutes 1957, F. S.A.). Our within discussion of decisions is to be analyzed, of course, in the aspect of the statutory situation existing at the time the opinions were rendered.
The power of the Legislature to designate State Roads was recognized in Webb v. Hill, Fla., 75 So.2d 596, which contains an interesting and pertinent commentary as to the sufficiency of the road description contained in acts having that purpose. And in Orange County v. Fordham, 160 Fla. 259, 34 So.2d 438, the discretionary power of the State Road Department to survey and locate the line or route of any State Road or section of any State Road previously designated and established was recognized.
State Roads designated by the Legislature fall into two general classifications: (1) Existing State Roads that at the time of designation by the Legislature had already been placed by the State Road Department in the State Road system for construction, maintenance and improvement; (2) those not yet placed therein by the department for such purpose. To limit the road right of way reservation in deeds under the Murphy Act, Acts 1937, c. 18296. to roads of the first class — those already taken over for construction, maintenance and improvement — as appellant contends, would defeat the salutary purpose of the reservation, which is to aid the future improvement of the road system.
As the subject proceeding in eminent domain did not seek to condemn any interest in the property described in defendant’s answer, and as the stipulation of the parties, construed in the light of the applicable law, demonstrates that appellant’s property was subject to the reservation contained in the deed through which she traces title, the answer failed to present a justiciable issue. It follows that the order appealed was properly entered, and it is
Affirmed.
CARROLL, DONALD, J., concurs.
WIGGINTON, Chief Judge, specially concurring.