PER CURIAM.
This is an appeal from a judgment entered on a verdict for the defendant in an ejectment action. The plaintiff formerly owned the land surrounding a small lake. At the time of his suit he no longer owned any bordering land, but contended that he continued to own the lake bottom. The defendant, who had acquired the property on the west and south sides of the lake, and an island in the lake, caused the west part of the lake lying between the shore and his island to be filled in. The ejectment action was directed at the part of the lake which had been filled in. Plaintiff’s contention that he owned the part of the lake involved, and was entitled to its exclusive possession and use is without foundation in the law, because plaintiff’s ownership of the lake when he held all of the property abutting thereon (Osceola County v. Triple E Development Co., Fla.1956, 90 So.2d 600), did not remain in him when he sold to others the property surrounding the lake. Duval v. Thomas, Fla.1959, 114 So.2d 791. See, also, Taylor v. Tampa Coal Co., Fla.1950, 46 So.2d 392; Crutchfield v. F. A. Sebring Realty Co., Fla.1954, 69 So.2d 328; Duval v. Thomas, Fla.App.1958, 107 So.2d 148; Florio v. State ex rel. Epperson, Fla.App.1960, 119 So.2d 305; Johnson v. Seifert, 257 Minn. 159, 100 N.W.2d 689 (citing Duval v. Thomas, supra).
Affirmed.
HORTON, C. J., and PEARSON and CARROLL, CHAS., JJ., concur.