344 So.2d 951 (1977)
Stephen H. GROFF and Gebena C. Groff, Appellants,
v.
Paula MOSES, Formerly Paula Nichols, et al., Appellees.
No. 76-1145.
District Court of Appeal of Florida, Second District.
April 22, 1977.
Robert H. Carlton, Tampa, for appellants.
Marvin Solomon, of Solomon & Kass, Tampa, for appellees Paula Moses, William L. Moses, Roger Marvin Nichols, Paul W. Harris and Myrtis S. Harris.
BOARDMAN, Chief Judge.
Appellants/defendants appeal the final judgment entered in favor of appellees/plaintiffs *952 in an action to enjoin interference with a 25-foot easement along the eastern and southern boundaries of appellants' real property. Appellants filed an answer and cross-claim. Appellees answered and asserted affirmative defenses to the cross-claim. At the final hearing held February 4, 1974, the attorneys for the parties announced that a settlement had been reached which provided appellees a more direct route to their properties which were adjacent to that of appellants. The stipulation was not reduced to writing but was dictated into the record by the attorney representing appellants at that time.
No further legal action of record was taken until appellees filed a motion for modification of the stipulation on June 6, 1975. The court found that it lacked jurisdiction to modify in that only the parties to an agreement could modify, and it denied the motion. However, the court set a hearing for November 12 on appellants' motion that the court enter an order approving the provisions of the February 4, 1974, stipulation. A final judgment was subsequently entered based on the stipulation. The stipulation provided in pertinent part that
the parties all agree that that easement of twenty-five feet ... will be abandoned by all parties and interests, and in lieu thereof on the west boundary of the Groff's property running in a southerly direction from Vandevort Road, there would be an uninterrupted fifteen foot easement. That there will be no gates in any way interfering with egress or ingress of that easement or anywhere along the fifteen feet, nor along the western boundary of that easement, so that Dr. Ortwein, Mr. Harris and Mrs. Moses will have unrestricted use of that easement.
The court ruled that an opening was to be made in the fence then standing on the western boundary of appellants' property to provide access to the new easement for appellees. A new fence was to be constructed 15 feet to the east of the original fence. Appellants are particularly attacking that part of the final judgment which states that
[t]here shall be no openings in said new fence at any point along the easement created by this Final Judgment... .
Appellants contend that the trial court erroneously concluded that the stipulation had the effect of prohibiting their right of access to the easement. We agree and reverse.
The burden on appellants' property created by the easement which provides for a right of way through that property cannot be increased beyond that reasonably contemplated by the parties at the time of its creation. E.g., Crutchfield v. F.A. Sebring Realty Co., 69 So.2d 328 (Fla. 1954). We are unable to find in this stipulation any explicit or implicit prohibition of access to the easement from the east boundary. The language used by the parties merely prohibits the erection or maintenance of gates which would interfere with egress or ingress through the 15-foot wide easement or along the western boundary of the easement. Furthermore, since appellants as owners of the realty are responsible for the property taxes and as provided by the final judgment are liable for one-fourth of the maintenance fees and other costs attributable to the easement, they should have reasonable access to the easement.
Accordingly, we reverse the final judgment of the trial court and remand the cause for entry of an amended final judgment which shall include a provision allowing appellants reasonable access to the easement from the eastern boundary of the easement. The provision for such access, however, shall not impede the unrestricted use of the easement by the other parties.
REVERSED and REMANDED for proceedings consistent with this opinion.
SCHEB and OTT, JJ., concur.