ANSTEAD, Chief Judge.
We affirm the trial court’s judgment denying appellants’ claim of inverse condemnation. We believe the trial court’s determination that Pembroke Road in Broward County was a state road for purposes of effecting the reservation of an easement in favor of the state in a 1944 deed issued to appellants’ predecessor in title is supported by competent substantial evidence and is consistent with pertinent statutory provisions concerning state roads and rights of way. The trial court concluded that Pembroke Road had been specifically established by legislative act as a state road several years before the 1944 deed was issued; that Pembroke Road had existed at the location set out by the legislature for many years prior to the legislative designation; and that the 1944 deed specifically reserved the state’s rights in Pembroke Road now challenged by the appellants. *919 While the statutes defining state roads for various purposes are somewhat ambiguous, we do not believe the trial court’s conclusions are inconsistent with those provisions insofar as they affect the issue of whether the state’s interest in Pembroke Road was preserved by the 1944 deed. Cf. §§ 320.-01(17), 341.28, 341.47 and 341.60, Fla.Stat. (1941).
While we have concluded that the trial court acted correctly, we believe the statutory provisions sufficiently uncertain, and the issue decided to be sufficiently important, that we certify the following question to the Supreme Court:
Was it necessary, under the statutory scheme in existence prior to the issuance of the 1944 deed involved herein, for the State of Florida to have surveyed and fixed the line of a road, and filed such survey with the Clerk of the Circuit Court of the county where the road was located, before the road in question could be officially classified as a state road?
HURLEY, J., concurs.
DOWNEY, J., dissents, with opinion.