ALDERMAN, Justice.
The District Court of Appeal, Fourth District, has certified the following question to this Court:
Was it necessary, under the statutory scheme in existence prior to the issuance of the 1944 deed involved herein, for the State of Florida to have surveyed and fixed the line of a road, and filed such survey with the Clerk of the Circuit Court of the county where the road was located, before the road in question could be officially classified as a state road?
The district court, under the peculiar facts of this case, answered this question in the negative. Laird v. Division of Administration, 439 So.2d 918 (Fla. 4th DCA 1983). We approve the decision of the district court.
Pembroke Road in Broward County was widened by the Department of Transportation beginning in 1975 with construction being completed in 1977. In September 1976, petitioners filed a complaint for inverse condemnation alleging that the Department of Transportation had taken a portion of their property for road right-of-way purposes without due process of law and without payment of full compensation for the properties taken. The Department of Transportation had not filed eminent domain proceedings to obtain this land because it claimed to have acquired title to the land needed to widen the subject portion of Pembroke Road as a result of reservations contained in a deed issued by the Board of Commissioners of the Everglades *487 Drainage District on January 17, 1944, to Ray Johnson, a predecessor in title to petitioners.
The trial court denied the relief requested by petitioners. After hearing testimony of the witnesses, argument of counsel, and examining all the exhibits and legal authority cited, the trial court determined as a matter of fact that the subject portion of Pembroke Road was a state road in existence prior to January 17, 1944, thus subjecting the property at issue in this case to the reservations contained in the deed from the Board of Commissioners of the Everglades Drainage District to Ray Johnson. The trial court further determined that all petitioners had actual or constructive knowledge of these reservations.
Upon appeal, the Fourth District affirmed the trial court’s judgment denying petitioners’ claim of inverse condemnation. It held that the trial court’s determination that Pembroke Road was a state road for purposes of effecting the reservation of an easement in favor of the state in the 1944 deed issued to petitioners’ predecessor in title is supported by competent substantial evidence and is consistent with pertinent statutory provisions concerning state roads and rights of way. Cf. §§ 320.01(17), 341.-28, 341.47, and 341.60, Fla.Stat. (1941).
In 1941, the legislature redefined the future designations of state roads. It enacted section 341.28, Florida Statutes (1941), which provided:
The term “state road” used in this chapter shall be construed to mean any road or part of road which has been or may be established, declared and designated by the legislature as a state road, and of which the location of the line and right of way has been surveyed and fixed upon by the department or its duly authorized engineers and representatives.
The term “department” is defined and shall be construed to mean the state road department of Florida.
The revisor’s note to section 341.28 provided that the “[provisions relating to road designations by the state road department have been stricken, as it no longer has power to do this. Any roads previously designated by it will be redesignated by the adoption of these statutes.” Vol. II, Fla. Stat. (1941), Annot. at 671. In 1941, the legislature enacted chapter 20472, Laws of Florida (1941), which, among other things, designated the subject portion of Pembroke Road, a road which had been open to the public for a number of years, as a state road. Specifically, chapter 20472 provided:
Section 1. That the following named and described roads located in Broward County, Florida, as designated in paragraphs numbered 1 to 97, inclusive of both, of this section, be and each of such roads is hereby declared, designated and established as a State Road of the system of State Roads of the State of Florida, with all rights and privileges of designated State Roads, each of said roads so declared, designated and established to be known as and by such number as the State Road Department shall, respectively thereto, to-wit:

42. Begin at a point on State Road 149 approximately 1.5 miles North of the Dade-Broward County line, thence run West a distance of approximately 6.6 miles.
The state road department thereafter published “The State Road System of Florida— Road Designations by Legislature of 1941 —Broward County Chapter 20472” which showed this same designated road as County No. 6-42 (Road Identification No. 72). Section 341.46, Florida Statutes (1941), provided:
This section relating to the state road system, being highway designation material, shall be omitted from the permanent Volume I of Florida Statutes, 1941. All existing highway and road designation laws, and all such acts that become law as a result of action of the 1941 session are expressly continued in full force and effect as general laws of the state, and are hereby expressly excepted from any and every repealing clause herein contained. In lieu of inclusion in the permanent Volume I, the tables of information *488 in Volume II shall contain a separate table of all highway and .road designation laws, giving county and road number, together with a reference to the sessions and chapter number necessary to locate the original act in the published laws. (Am. § 19, eh. 20719, 19Jtl).
Section 341.47, Florida Statutes (1941), provided in pertinent part:
The above named and numbered roads as described in § 341.46, shall be and constitute the system of state roads of this state, and when located and constructed by the state road department shall become and be the property of the state.
The state road department may determine and fix the lines and locations of such roads between the cities and places thereon, named in said section. All the laws and parts of laws applying to and affecting state roads, designated and established by the state road department, shall apply to and affect the roads therein named and established as state roads, and the state road department shall have all the power and authority with respect to the roads therein named and declared that it had on June 8, 1923, with respect to state roads designated and established by said department; provided, that said department shall not hereafter have the power to designate and establish state roads; ... provided further, that the state road department may survey and locate the line or route of any state road or section of any state road numbered and designated in the preceding section, whenever in the judgment of said department the doing of such work shall be found to be practicable and to the best interests of the state. Whenever such survey and location shall be made and adopted by the said department, a map or plat of such survey and location, certified by the secretary and chairman of the department, shall be filed in the clerk’s office of each county through which said state road or section thereof, so surveyed and located, shall run. (Emphasis supplied.)
Section 341.60, Florida Statutes (1941), provided:
Whenever any road or portion thereof constructed by any of the several counties or municipalities of this state shall become a state road by legislative enactment or otherwise, the state road department of Florida shall automatically by operation of law become vested with all the right, title, easements and appurtenances therein and thereunto held by, or vested in such county or municipality, or dedicated to the public use, prior to the time any such road shall have become a state road as aforesaid.
The critical portion of the deed from the Everglades Drainage District to Ray Johnson, the predecessor in title to petitioners, expressly reserved to the state an easement of two hundred feet wide for state road right-of-way. The deed provided:
And also saving and reserving unto the State of Florida easement for State Road Right-of-Way two hundred (200) feet wide, lying equally on each side of the center line of any State Road existing on the date of this deed through so much of any parcel herein described as is within one hundred (100) feet of said center line; and unto Broward County easement for County Road Right-of-Way one hundred (100) feet wide, lying equally on each side of the center line of any County Road existing on the date of this deed through so much of any parcel herein described as is within fifty (50) feet of said center line.
Petitioners argue that because the state road department did not survey this road upon its being designated by the state legislature as a state road, because no survey was filed with the clerk of the circuit court in Broward County as of the date of the deed, and because the statutory designation is not exactly at the location of Pembroke Road, the deed reservation to the state does not apply because there was no legally officially classified road existing on the date of the deed.
The Department of Transportation contends that the legislature, by its enactment of chapter 20472, Laws of Florida, estab *489 lished the “state road” at issue in the present case and that the state has shown substantial compliance with the statutory scheme for establishing a “state road.” It argues that in order for petitioners to prevail, section 341.28 would have to be read to require that a state make a survey after the legislative designation and prior to the tax deed. This, it urges, is not required by section 341.28, and the Fourth District properly declined to require it. At trial, the state introduced plats of records spanning 1925 to the time of trial, demonstrating that a road open to the public named “Pembroke Road” continuously existed within ten feet of the quarter section line. These plats alone, states DOT, amount to surveys sufficient to meet the requirement that there be a survey of the road. It further urges that section 341.28, Florida Statutes (1941), does not require that the survey ever be recorded and does not provide when the survey is to be made.
We agree with the Department of Transportation. Section 341.28 does not require that where a road’s center line has been fixed previously and continuously by a series of recorded plats and on a state-adopted highway map for a number of years, it must again be surveyed because the legislature designates it as a “state road.” Here, we have a road clearly open to the public in the same location pursuant to surveyed plats on a quarter section line since 1925, shown on an official highway map since 1936 which was adopted by the state road department in 1940 and which was designated by the legislature as a state road in 1941, before the reservation of the easement in the deed to the predecessor in title to petitioners in 1944. The district court correctly decided that the trial court’s conclusions are not inconsistent with the pertinent statutory provisions in effect at the time this “state road” was designated insofar as they affect the issue of whether the state’s interest in Pembroke Road was preserved by the 1944 deed.
Although in 1941, the state road department did not have the power to designate state roads, it did have the power to determine and fix lines and locations of roads. This authority was set out in section 341.47 which is earlier quoted. This section provided that the state road department “may” survey and locate the line or route of any designated state road whenever the department, in its judgment, found that the doing of such work was practicable and in the best interests of the state. This Court, in Orange County v. Fordham, 160 Fla. 259, 34 So.2d 438 (1948), emphasized that the power of the state road department to survey and locate the line or route of any previously designated state road was discretionary. See also Webb v. Hill, 75 So.2d 596 (Fla.1954), describing the power of the state road department to determine and fix lines. All of the statutory provisions relating to the establishing of roads must be read in conjunction with each other. Viewing the applicable statutory scheme in existence prior to the issuance of the 1944 deed, we find that the district court correctly determined that under the facts of this case, it was not necessary for the State of Florida to have surveyed and fixed the line of a road after the legislative designation and to have filed such survey with the clerk of the circuit court of the county where the road was located, before the road in question could be officially classified as a state road.
Accordingly, we approve the decision of the Fourth District Court.
It is so ordered.
BOYD, C.J., and OVERTON, MCDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.