585 So.2d 1029 (1991)
HILLSBOROUGH COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Wilmer H. KORTUM and Vivian R. Kortum, Appellees.
No. 90-01659.
District Court of Appeal of Florida, Second District.
August 23, 1991.
Rehearing Denied September 19, 1991.
*1030 Janice G. Scott of Massie & Scott, Tallahassee, Frederick B. Karl, County Atty., and Louise B. Bothwell, Asst. County Atty., Tampa, for appellant.
Marc I. Sachs and Alan E. DeSerio of Brigham, Moore, Gaylord, Wilson, Ulmer, Schuster & Sachs, Tampa, for appellees.
Kenneth J. Plante, Gen. Counsel, and Eugene E. McClellan, Jr., Deputy Gen. Counsel, Dept. of Natural Resources, Tallahassee, for amicus curiae, State of Fla. Bd. of Trustees of the Internal Improvement Trust Fund.
Susan H. Churuti, County Atty., and Carol B. Abernathy, Senior Asst. County Atty., Clearwater, for amicus curiae, Pinellas County.
PARKER, Judge.
Hillsborough County (the County) appeals a verdict and final judgment entered in favor of Wilmer and Vivian Kortum. The final judgment awarded the Kortums full fee value for their property which the County had taken in eminent domain proceedings. We reverse.
The county sought a portion of the property which the Kortums owned as part of a project to widen Gunn Highway. A predecessor in title to the Kortums had purchased the property in 1943 from the State of Florida through the Trustees of the Internal Improvement Fund of the State of Florida (Trustees) by a Murphy Act Tax Sales Certificate. The deed reserved:
[U]nto the State of Florida easement for State Road Right of Way Two Hundred (200) feet wide, lying equally on each side of the center line of any State Road existing on the date of this deed through so much of any parcel herein described as is within One Hundred (100) feet of said center line.
*1031 When the Trustees executed the deed in 1943, Gunn Highway was designated a state road. In 1976, the Florida Department of Transportation (DOT) reclassified and transferred ownership of Gunn Highway from the State to the County. In 1986, the State of Florida through the Trustees quitclaimed to the County the easement for state road right-of-way which was reserved in the 1943 deed.
Following the County's petition in eminent domain filed in 1988 and the Kortums' answer and defenses, the trial court found that the purpose for which the easement was reserved no longer exists; thus, the easement was extinguished. The trial court ordered that the Kortums recover the full fee value of the property which the County had taken. The trial court set forth the following relevant findings in the verdict and final judgment:
4. The clear and unambiguous language of the deed referred to in paragraph 3 reserved an easement for "State Road Right of Way" purposes only.
5. Gunn Highway is no longer classified as a State Road but is part of the County roadway system.
6. The Kortum's [sic] property has been assessed at full fee value by Hillsborough County for tax purposes.
7. The land subject to the T.I.I.F. [Trustees of the Internal Improvement Fund] reservation has never been separately assessed, assessed at a lower value, or excluded from assessment.
8. Taxes have been paid continuously on the parcel since 1944.
9. The County has never refunded or offered to refund the taxes paid on this property.
10. In order to acquire said parcel, the County presented evidence at the Order of Taking hearing that the property subject to said T.I.I.F. reservations had value.
11. Hillsborough County also issued a building permit to locate a drainfield on a portion of parcel 147 for the Kortum's [sic] septic system. The septic system serves a 2,321 square foot building, constructed in 1962, which is also located in the T.I.I.F area.
The sole issue for this court's determination is whether the County receives the benefit of the easement for a road right-of-way which the State of Florida reserved in the deed executed in 1943, which the State quitclaimed to the County in 1986. We find that the easement was not extinguished when the DOT reclassified and transferred ownership of Gunn Highway to the County. Thus, the County does receive the benefit of the easement for road right-of-way which was reserved in the 1943 deed.

RESERVATION OF RIGHT-OF-WAY
The trial court ruled as a matter of law that the easement was extinguished when Gunn Highway was reclassified as a county road since the easement reserved a state road right-of-way unto the State. The trial court found that the term "state road" limited the purpose of the easement. The construction or interpretation of an easement is not evidentiary; it is a matter of law. Shadow West Apartments, Ltd. v. State Dep't of Transp., 498 So.2d 589 (Fla. 2d DCA 1986) (citing Kotick v. Durrant, 143 Fla. 386, 196 So. 802 (1940)). This court may reach a differing conclusion as to an easement's meaning without offense to the deference customarily accorded a trial court. Shadow West Apartments.
Although the phrase "[s]tate road right-of-way" appears clear in the reservation, we conclude that the phrase is ambiguous when rendered in light of the changes in our public road system since 1943. To determine the scope of the easement, the court must attempt to ascertain the intent of the parties in light of the surrounding circumstances at the time the easement was created. Walters v. McCall, 450 So.2d 1139 (Fla. 1st DCA 1984). See also Hynes v. City of Lakeland, 451 So.2d 505 (Fla. 2d DCA 1984).
In 1943, Gunn Highway was designated a state road. Sections 341.09 and 341.28, Florida Statutes (1941) contained, in pertinent part, the following definitions:

*1032 341.09 "Road" and "roads" defined.  The terms "road" and "roads" as used in this chapter shall be construed to mean and include all highways and ways for public travel, ...
341.28 "State road" and "department" defined.  The term "state road" used in this chapter shall be construed to mean any road or part of road which has been or may be established, declared and designated by the legislature as a state road, and of which the location of the line and right of way has been surveyed and fixed upon by the department or its duly authorized engineers and representatives.
Subsequently, however, Section 335.04, Florida Statutes (1975) provided a method for the DOT to classify all roads within the state. Section 335.01, Florida Statutes (1975) provided that all public roads, extensions thereof, and connections thereto were state roads and were divided into four classes: (a) state highways; (b) state park roads; (c) county roads; and (d) city streets. That method of classification continues today, except that the 1985 Florida Statutes has substituted the phrase "public roads" for "state roads."
If two constructions of a phrase are equally possible, there is support in the case law to give effect to the construction affirming the interest of the state and its divisions, especially where the phrase is ambiguous. See Laird v. Div. of Admin., 439 So.2d 918 (Fla. 4th DCA 1983), approved, 465 So.2d 486 (Fla. 1984). When the easement was created in the instant case, we conclude that the easement was reserved for the future widening of a public highway. Gunn Highway is still a public highway. We further conclude that the reservation was made to save future governmental costs of acquiring a right-of-way to widen that existing public highway. Thus the County, in widening this public highway, should receive the benefit of this reserved right-of-way. Cf. Ahlheit v. State Road Dep't, 114 So.2d 623 (Fla. 1st DCA 1959) (road right-of-way easements reserved by the trustees in Murphy Act deeds should not be construed so narrowly that the purpose of the reservation is lost).

TAXATION OF PROPERTY
The trial court's findings, based upon taxation of the property, will not permit the judgment to stand. Florida Administrative Code Rule 12D-8.001(1)(a) requires that the property appraiser make a determination of the value of all property located within his county. The assessed value of the land must represent all interests in the land unless the legislature has authorized a separate assessment of separate interests. Homer v. Dadeland Shopping Center, Inc., 229 So.2d 834 (Fla. 1969). Property subject to an easement held by a governmental unit is not immune or exempt from taxation. 1974 Op.Att'y Gen. Fla. 74-83 (March 1974).
When a road right-of-way easement encumbers the property, the owners of the realty still are responsible for the property taxes. Groff v. Moses, 344 So.2d 951, 952 (Fla. 2d DCA 1977). "[T]he levy and assessment is on the realty itself, at its full cash value, regardless of the existence of estates in it." Bancroft Inv. Corp. v. City of Jacksonville, 157 Fla. 546, 27 So.2d 162, 167 (1946) (citing Wolfson v. Heins, 149 Fla. 499, 6 So.2d 858 (1942)). "[A]n easement will not per se reduce the assessment value of land simply because the owner has been divested of some proprietary interest ... [but is] one factor among many the assessor must consider in determining the just value of the property to be taxed." Dep't of Revenue v. Morganwoods Greentree, Inc., 341 So.2d 756, 758 (Fla. 1976) (footnote omitted).
Further, the Kortums failed to present any evidence that the easement was not considered properly within the property appraiser's valuation. It must be presumed that the property appraiser followed the statutes and rules and considered all relevant factors. See Armstrong v. State ex rel. Beaty, 69 So.2d 319, 321 (Fla. 1954). The record also does not contain evidence that the Kortums ever filed a petition for review of their tax assessments.

*1033 VALUATION
As to the valuation of the property addressed in paragraph 10 of the verdict and final judgment, the parties had stipulated in the trial court that the full fee value of the property taken by the county in the eminent domain action is $150,000. The parties further stipulated that if the easement is valid for utilization by the county, the county has tendered a good faith value for the property of $14,400.

BUILDING PERMIT
In 1984, Hillsborough County issued permits to the Kortums for enlarging a septic tank drainfield which extended into the right-of-way. The permits, however, clearly state that the applicant for the permits is responsible for properly locating the improvements in relation to existing easements or rights-of-way. The Kortums received their deed subject to existing easements, but their applications failed to disclose that the improvements would be constructed on a road right-of-way easement.
We conclude these permits were issued under a mistake of fact. "When a building permit is issued which is contrary to the law as the result of a mutual mistake of fact, the doctrine of equitable estoppel will not lie." Nelson Richard Advertising v. Dep't of Transp., 513 So.2d 181, 183 (Fla. 1st DCA 1987). A building permit may be revoked even if construction has commenced and the owner will suffer economic loss when it is issued under mistake of fact. Godson v. Town of Surfside, 150 Fla. 614, 8 So.2d 497 (1942).
The fee owner's use of the easement area is subject to the easement holder's lawful use. The servient estate may make any use of an easement which is not inconsistent with the easement holder's use. Tortoise Island Communities v. Roberts, 394 So.2d 568 (Fla. 5th DCA 1981). The easement holder, however, has the right to do what is reasonably necessary for the full enjoyment of the easement, but the right must not be increased to any greater extent than reasonably necessary and contemplated at the time the easement was created. Crutchfield v. F.A. Sebring Realty, 69 So.2d 328 (Fla. 1954); J.C. Vereen & Sons v. Houser, 123 Fla. 641, 167 So. 45 (1936). Thus in the instant case, the public's right to use its easement for highway purposes is paramount to the rights of the owner of the fee.

CONCLUSION
For all of the above reasons, we conclude that the trial court erred in entering a judgment ordering the County to pay full fee value for the property obtained through eminent domain proceedings.[1] We reverse and remand for further proceedings consistent with this opinion.
Reversed and remanded.
CAMPBELL, A.C.J., and LEHAN, J., concur.
NOTES
[1] The County argues that under the principle of res judicata, the trial court is barred from ruling upon this issue. This argument is based upon a suit brought in 1987 by the Kortums against the County and the trustee to have this easement declared invalid and unenforceable by the County. The County prevailed in that case, which was affirmed on appeal. However, as the Kortums correctly point out, the County failed to plead res judicata and did not argue to the trial court that the earlier proceedings were res judicata to this easement issue. Therefore, the issue of res judicata was not properly presented to the lower court. See Decancino v. Eastern Airlines, Inc., 283 So.2d 97 (Fla. 1973); City of Miami Beach v. Miami Beach Improvement Co., 153 Fla. 107, 14 So.2d 172 (Fla. 1943).