717 So.2d 181 (1998)
Delmer E. TICE and Shirley M. Tice, Appellants,
v.
Herman B. HERRING, Appellee.
No. 97-4679.
District Court of Appeal of Florida, First District.
September 17, 1998.
Cynthia S. Munkittrick, Chiefland, for Appellants.
Robert Moeller, Cross City, for Appellee.
ALLEN, Judge.
The appellants challenge the dismissal of their complaint for failure "to set forth a prima facie case." We conclude that the complaint should not have been dismissed, as it does allege a cause of action for trespass.
The dispute in this case involves the appellee's use of an easement across the appellants' property. As alleged in the complaint, the appellants purchased and reside on a lot in an unrecorded subdivision, wherein the grantor retained a private easement along an identified strip of the property "for ingress and egress of future prospective owners" of other lots within the subdivision "lest they be landlocked from ready access" to a public road. With a few possible exceptions, the easement was used only for ingress and egress by other subdivision lot owners, their families, guests, and invitees, before the appellee commenced a use which had not been reasonably contemplated at the time of the appellants' purchase. This use arose in connection with a parcel of property outside the subdivision, from which property the appellee was excavating and hauling dirt for commercial purposes, using heavy dump trucks *182 which traveled along the easement across the appellants' property.
The appellee claimed that he had the grantor's permission to use the easement in this manner, and moved to dismiss the complaint upon the theory that because the easement was not intended to be exclusive it could not support an action for trespass. The trial court agreed, characterizing the dispute as involving an "easement appurtenant for purposes of ingress and egress," but noting that the easement is nonexclusive and thus concluding that the complaint does not set forth a prima facie case for trespass.
In dismissing the complaint the court gave undue effect to the nonexclusive aspect of the easement. Despite the focus on such descriptive terminology, neither the appurtenant nor the nonexclusive nature of the easement fully resolves the parties' dispute. Rather, the pertinent inquiry is whether the appellee's use is within the scope of the retained easement, and the related question of whether the grantor could permit this use by the appellee. As various cases have established, the burden of the easement on the appellants' property may not ordinarily extend beyond that which was reasonably contemplated with the creation of the easement. See Crutchfield v. F.A. Sebring Realty, 69 So.2d 328 (Fla.1954); Easton v. Appler, 548 So.2d 691 (Fla. 3d DCA 1989); Groff v. Moses, 344 So.2d 951 (Fla. 2d DCA 1977). The complaint in the present case clearly asserts that the appellee is using the easement across the appellants' property in a manner which exceeds the scope of the easement, and which was not reasonably contemplated. On the facts as alleged, the grantor did not have the authority to permit such use and the circumstances support a cause of action for trespass.
The complaint properly alleges a cause of action and should not have been dismissed. The appealed order is therefore reversed, and the case is remanded.
WOLF and DAVIS, JJ., concur.